[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 260 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 261 
The decision of the referee, that the contract of insurance was entered into by the defendants at their place of business in this state, was correct. The application for insurance, signed by Russell Granger, the persons to whom the policy was issued, shows that Patterson, to whom they delivered the application, premium note and cash premium, although in some sense and for some purposes he may have been the agent of the company, was the agent of the applicants in respect to making application for insurance. The same paper shows that applicants for insurance were required to deposit the application and premium note with the secretary of the company, and that if duly approved the policy would bear date on that day and take effect at noon, unless the applicants directed that it should be dated as of some future day. The application, premium note and premium were duly received by the company at Le Roy, its place of business, and approved, and a policy granted to the applicants in accordance with the application, which was duly executed at Le Roy. The policy was delivered to Russell Granger at Bellville, Canada West, by Patterson, the agent before named. The only circumstance in which this case differs from Hyde v. Goodnow (3 Comst.,
266), is that in the latter case the policy was sent by mail to the insured. That difference does not *Page 262 
alter the rule. When the application was received and approved by the company, and the policy executed and put in course of transmission to the insured, the contract was complete, and both parties became bound; so that if a loss had occurred before its actual receipt by the insured, the company would have been responsible. The contract was consummated by the final assent on the part of the company, and upon that event and not upon its delivery to the assured became operative. The validity of the contract is, therefore, to be determined by the law of New-York. Here it was made and here it was to be performed.
The next question to be considered is, whether the company had authority under its charter to make the contract in question. The act of incorporation (ch. 241, Laws of 1836) declares certain persons and all others who may thereafter associate with them in the manner specified in the act, to be a corporation for the purpose of insuring their respective dwelling-houses, stores, shops and other buildings, household furniture, merchandise and other property against loss or damage by fire. The language of the act is general, embracing all other persons who may associate with the persons named. The insurance, in this case, was upon personal property and therefore whatever force there may be in the argument drawn from the provisions of the act; as to liens upon buildings insured and the lands they stand upon, to show that insurances of that sort out of the State of New-York cannot rightfully be made, those provisions do not afford an argument against the validity of an insurance of personal property alone, wherever situated. We have no warrant for imposing upon this company a restraint which is not to be found in its charter nor in the general law of the state. Neither citizens of another state nor alien friends are incapable of owning personal property within this state. Persons of both classes always have, and do now possess such property to a very large extent; shares in our incorporated companies and in the debts of the state and *Page 263 
of the United States are thus largely owned, and few decisions more disastrous, both to private and public interests, can be conceived of than one which should even bring into doubt the rightfulness of this species of investment.
Being, therefore, of opinion that the contract in this case was made and was to be performed in this state, and that by the law of this state the company was at liberty to insure personal property, wheresoever situated, it is unnecessary to inquire what was the law of the Province of Canada in respect to contracts entered into by this company in that province with subjects of Great Britain, for insurances upon real estate and buildings there situated.
The judgment should be affirmed.