The law affecting this relation, I am disposed to say, should be administered and held in all its fidelity and integrity ; the courts at least should see to it, that the reproach should not be cast upon them, that he who commits an injury, such as that complained of in this case, should not be permitted to escape the consequences of his act, upon a frivolous and immaterial technicality.

The order of the special term should be affirmed.

[St. Lawrence General Term, October 2, 1866. *Bockes, James, Rosekrans* and *Potter*, Justices]

---

## Caroline Fried *vs.* The Royal Insurance Company of Liverpool.

The defendant, a foreign corporation, being authorized by the laws of this state to make contracts for life insurance, M., its agent in New York, gave the plaintiff a receipt, signed by him, acknowledging the receipt of $80.25, premium on a proposal of assurance for $5000 on the life of her husband, H. F., which sum (it was stated) was to be forwarded to the head office at Liverpool, for acceptance. If the proposal was accepted, a policy was to be issued in accordance therewith ; and if declined, the premium was to be returned. But in case H. F. should die before the decision of the head office should have been received, the sum insured was to be paid. The proposal was forwarded by M. to, and accepted by, the head office at Liverpool, and a policy of insurance was made out by the corporation in conformity to the terms of the proposition, and was duly authenticated, and sent to M., at New York. The policy was never in fact delivered to the plaintiff. Before the end of the year, the plaintiff tendered the premium for another year, $80.25, to M. at the office in New York, which he refused to receive. H. F. died before the end of that year. In an action upon the receipt or agreement signed by M., to recover the sum insured ; *Held* that it was no part of the contract that its binding effect or validity should depend upon any subsequent act of the corporation, or of its agent, in the actual delivery of the policy so issued, to the plaintiff.

That the acceptance of the proposition, and the premium, the making out and authenticating a policy, and the transmission of it to the agent of the corporation was, under the circumstances, a delivery to the plaintiff, and all the legal delivery required.  ·

That these acts amounted to a consummation of the contract; the minds of the parties had met, and action had been taken upon it by the corporation; and that the company, by retaining the premium, was estopped from denying that the contract was perfect.

*Held, also,* that the tender of the second premium, by the plaintiff, was equivalent to its payment, and that the death of the assured entitled the plaintiff to recover.   ·

THIS was a demurrer to the complaint in an action on a contract of life insurance.

*F. Kauffman,* for the plaintiff.

*J. Larocque,* for the defendants.

POTTER, J.   The complaint alleges, in substance, that the defendants are a foreign corporation, duly chartered and entitled by the laws of New York to make contracts for life insurance; and that one A. B. McDonald, of the city of New York, is their duly authorized agent to make the contract in question, which was as follows :

"Received from Mrs. Caroline Fried, the sum of $80.25 premium on a proposal of assurance for $5000, on the life of her husband, Henrich Fried, which is to be forwarded immediately to the head office at Liverpool, England, for acceptance.   If it be accepted, a policy will be issued in accordance therewith ; if declined, the above mentioned premium will be returned.   But in case the said Henrich Fried die before the decision of the head office shall have been received, the sum insured will be paid in accordance with my instructions.   $80.25."   Signed by the said McDonald, dated 19th January, 1864.   This agreement was forwarded by McDonald to the head office at Liverpool, was accepted by such head office, a policy of insurance in their usual form made out, duly authenticated by the head office, made in

conformity to the terms of the proposition, and sent to said McDonald, in New York. The defendants never delivered the policy *in fact* to the plaintiff, and refuse to do so, although requested. Before the end of the year, the plaintiff tendered the premium for another year, $80.25, to McDonald, at the office in the city of New York, which he refused to receive. Before the end of that year Henrich Fried died. The plaintiff alleges that she had an insurable interest in the life of her husband ; that her tender of the second year's premium kept the policy alive ; that she furnished the due proof of her husband's death, and fulfilled all the conditions on her part, and claims the sum of $5000.

The demurrer of course admits the facts alleged. The defendants insist that the plaintiff can not recover, on the ground that the policy was never *issued;* that the complaint alleges that the policy was never delivered ; that *delivery* is the consummation of the contract; that *issuing* and *delivery* are equivalent terms in law, and that there could be no issuing without a delivery.

This argument is not sound ; it is not consistent with the plain letter, sense and spirit of the contract. I do not think it possesses even the merit of plausibility. By the demurrer the defendants admit the receipt of the premium for the first year ; they admit the power of McDonald, their agent, to make the contract in question, which was an absolute contract of insurance until the proposition should be received at the head office, and which was to be continued upon their acceptance of the plaintiff's proposition ; and they admit the acceptance of the proposition, and the issuing a policy in accordance therewith. It was no part of the contract that its binding effect or validity should depend upon any subsequent act of themselves or of their agent, in the actual delivery of the policy so issued to the plaintiff. The acceptance of the proposition and the premium, the making out and authenticating a policy and the transmission of it to their agent, was all the legal delivery required. These acts

amounted to the consummation of the contract; the minds of the parties had met, and action had been taken upon it by the defendants; their retaining the premium estops them from denying that the contract was perfect. There was nothing in the accepted proposition that made its effect, or validity as a contract, to depend upon the actual possession of the policy by the plaintiff. It is rare indeed that a party comes into court and sets up his own breach of duty, or of good faith which he owes to his adversary, as a defense to an action. The defendants were under the implied obligation of duty, by virtue of the agreement with the plaintiff, to deliver the policy to her. The transmission of it to their agent in New York, is, in contemplation of the terms of the contract and of law, under the circumstances, a delivery to her. The law has hitherto been guilty of no such reproach as that of allowing one party to a contract, and especially a contract for life assurance, to withhold the evidence of its ratification, to enable them to play the game of fast and loose, to have it binding or not binding as the circumstances of probable health or sickness, of life or death, may dictate pecuniary loss or gain to the party so wrongfully withholding. ·The refusal to deliver the evidence of the contract, and the refusal to receive the second year's premium, can not make void a consummated agreement. The tender of the second premium is equivalent to its payment. The death of the person whose life was insured, entitles the plaintiff to recover. The defendants seem to suppose that the consummation of a contract, and the evidence of its ratification, are identical. This is error; a contract may be good, while the evidence of its ratification is wrongfully withheld. There must be judgment absolute for the plaintiff.

[NEW YORK SPECIAL TERM, November 5, 1866. *Potter*, Justice.]