(15 App. Div. 220.)

### KELLY v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. LIFE INSURANCE—PROOFS OF DEATH.
   A provision in an insurance policy that the proofs of death "shall contain answers to each and every question propounded to the claimant" does not require claimant to furnish the proofs.

2. SAME—WAIVER OF CONDITIONS.
   A provision in a policy that it shall be void if a previous application by the insured has been rejected, "unless otherwise stated in the blank space below in a waiver signed by the secretary," is waived where the policy was issued after a previous application had been rejected, and the rejection of the application and the issuing of the policy were both done by the company itself.

Appeal from Rensselaer county court.

Action by Anna Kelly against the Metropolitan Life Insurance Company on a policy of insurance issued by defendant December 10, 1894,

on the life of Kate Kelly, defendant's daughter, who died June 14, 1895. A judgment of the justice's court in favor of plaintiff for $58.73, damages and costs, was affirmed, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Martin T. Nachtmann, for appellant.
John W. Roddy, for respondent.

LANDON, J.   This policy is called by the defendant an "industrial policy." It is numbered 11,419,450. The amount of insurance is small; the recovery small. The insured is described in the proofs of death as a worker in a shirt factory. She was required to pay five cents weekly as premiums. The defendant's position, in effect, is that it so framed its contract with this girl that, although it got its pay, the plaintiff cannot get hers; and we shall examine this position with the gravity and care that it merits.

Three grounds of error are assigned:

1. The policy does not name the beneficiary, but states that "the company may pay the sum of money insured hereby to any relative by blood," among others, "upon the surrender of this policy and all the receipt books." The proofs of death were not made by the plaintiff, but by Margaret Downey, an aunt of the deceased, and the person who paid the premiums. She stated in the proofs of death that she was the beneficiary under the policy, but, as she was a witness in behalf of the plaintiff, we assume that she is not a rival claimant. The defendant kept the proofs of death without objection. The defendant insists that the proofs and waiver do not avail the plaintiff, and that, as the plaintiff has furnished none, she cannot recover. The policy does not say in express terms that the claimant shall furnish proofs of death, but says, "The proofs shall contain answers to each and every question propounded to the claimant," in the blanks furnished by defendant for the purpose. The fact that the plaintiff did not furnish the proofs does not sustain the objection that proofs of death have not been furnished pursuant to the terms of the policy.

2. October 5, 1894, before this policy was issued, Kate Kelly made an application to the defendant for insurance, and her application was rejected. The policy contains the provision: "Unless otherwise stated in the blank space below in a waiver signed by the secretary, this policy is void if the insured before its date has been rejected for insurance by this or any other company." No waiver signed by the secretary appears on the policy. The policy was issued by the company itself, and the company rejected the previous application. No question is raised as to the powers of an agent. If the defendant knew of its previous rejection, and, notwithstanding it, issued this policy, then, although its secretary did not sign the waiver, his default was the default of the company, and not that of the insured, since to take the premiums and deliver the policy with knowledge of all the facts was to assure the insured that the contract was valid. Wood v. Insurance Co., 149 N. Y. 382, 44 N. E. 80; Robbins v. Insur-

ance Co., 144 N. Y. 477, 44 N. E. 159. That it had knowledge was evidenced by the fact that the act of rejection was its own. Lanigan v. Insurance Co., 63 Hun, 408, 18 N. Y. Supp. 287. It urges the magnitude of its business (this policy being numbered 11,419,450) as evidence of its incapacity to know such things. Its capacity to know its own act in this respect, when its interest is stimulated, does not appear to be defective. But, be this as it may, the trial court had evidence upon both sides of the question, and found for the plaintiff. Besides, there is this provision in the policy: "This policy is void if any other policy on the life of the insured has been previously issued by this company, and is in force at the date hereof," unless, etc. "The company shall not be presumed or held to know of the existence of any previous policy, and in such case the issue of this policy shall not be deemed a waiver of this condition." The expression of this rule of self-stultification in this single instance seems to imply, and I think justly, the exclusion of it in every other.

3. The policy contains the clause: "No obligation is assumed by this company  *  *  *  unless the insured (at the date hereof) is alive and in sound health." The defendant's medical examiner, upon his examination of the insured, October 5, 1894, upon her first application for insurance, certified that her lungs and constitution were impaired, and that she was in indifferent health. It may or may not be that the applicant was in like condition December 10th, following. This was a medical question, and the case furnishes no evidence tending to show the continuance of the condition, or the probability of it. On the other hand, there is some evidence tending to show, not very satisfactorily, that the insured was in sound health December 10, 1894. But the burden was upon the defendant to make good its defense in this respect, and its evidence was found to be insufficient for the purpose. In this there is no reversible error.

Judgment affirmed, with costs. All concur.