EDWARD I. BAKER, receiver, *vs.* SPAULDING BROTHERS.

October Term, 1898.

Present:   Ross, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

Opinion filed January 28, 1899.

*Insurance—Foreign, Unlicensed Company—Business at Home Office Permitted.*—Although V. S. 4181 prohibits foreign companies from doing business in this State without a license, V. S. 4182 permits residents of this State to procure insurance at the home office of any foreign company, and what they may do by themselves they may do by their agents. Therefore, the plaintiff's company did not violate the statute by accepting in Boston the defendants' application, received from the defendants agent in Vermont, and sending the policy by mail to such agent there with a request that he collect the premium.

*Agent of Insured.*—The defendants having expressly agreed with Switser, who sent in the application and received the policy, that he should act as their agent in the transaction, he was, throughout, their agent, although he had been requested by the company to give them any insurance he could not place in his own companies and the policy was sent to him with a request that he should collect the premium, which he did.

*A Massachusetts Contract.*—The contract of insurance took effect when the policy was deposited in the post office in Boston, and was a Massachusetts contract.

*Assessment Regular, and Enforcible Here.*—The assessment, as shown by the records of the company, being in substantial compliance with the Massachusetts statute, and nothing appearing to the contrary, is enforcible in this State.

ACTION to recover an insurance assessment. Trial by court, at the June term, 1898, Caledonia county, *Munson*, J. presiding. Judgment for the plaintiff. The defendant excepted.

*Farnham & Porter* for the defendants.

There was not sufficient proof of a legal assessment. The assessment could only be made upon those who were members at the time of the loss. *Long Pond Ins. Co.* v. *Houghton*, 6 Gray 77; *Manlove* v. *Bender*, 39 Ind. 371: 13 Am. Rep. 280; *Insurance Company* v. *Fuller*, 14 Barb. 373; *Wilson* v. *Insurance Company*, 19 Pa. 372; *Coston* v. *Insurance Company*, 1 Pa. 322; *Insurance Company* v. *Marietta Factory*, 3 Ohio 348; May on Insurance, 693; *Insurance Company* v. *Fitzpatrick*, 2 Gray 279.

The plaintiff cannot recover, for the company never was licensed to do business in this State. *Insurance Company* v. *Wright*, 55 Vt. 526; 60 Vt. 515.

Notwithstanding what was said between Switser and the defendants, Switser acted as the agent of the company and should be treated in law as the company's agent. It is not what the parties stated but what they did, that should determine the question of agency. *Arthurholt* v. *Insurance Company*, 159 Pa. 1: 28 Atl. 197; *Insurance Company* v. *Young*, 111 Mass. 537; *Hartford Insurance Company* v. *Reynolds*, 36 Mich. 502; *Mayo* v. *Pew*, 101 Mass. 556;

*Crousillat* v. *Ball,* 3 Yeates, (Pa.) 375: 2 Am. Dec. 375; 2 Am. & Eng. Ency. of Law 595; *Mullin* v. *Insurance Company,* 58 Vt. 114: V. S. 4201; *Kister* v. *Insurance Company,* 5 L. R. A. 646; *People* v. *People's Insurance Exchange,* 2 L. A. R. 341.

The contract was not consummated until delivery of the policy by Switser, and that being delivered in Vermont characterized the transaction as a Vermont contract. *Ford* v. *Insurance Company,* 6 Bush. 133: 99 Am. Dec. 663 and notes; *Thwing* v. *Insurance Company,* 111 Mass. 93; *Shattuck* v. *Insurance Company,* 4 Clif. 598; *Cromwell* v. *Insurance Company,* 49 Md. 366; *Heebner* v. *Insurance Company,* 10 Gray, 131; *State* v. *O'Neil,* 58 Vt. 140; May on Insurance, 412; *Porter* v. *Insurance Company,* 70 Vt. 504.

*Bates, May & Simonds* and *H. B. Howe* for the plaintiff.

START, J.    The plaintiff, as receiver of the Continental Mutual Fire Insurance Company of Boston, Massachusetts, seeks to recover an assessment made against the defendants, who were insured under the following circumstances: Francis Switser was an insurance agent at St. Johnsbury, doing business for several foreign companies authorized to do business in this State.    In the course of his business he received letters from other companies asking him to give them any insurance he could not place in his own companies. Among these companies was the Continental, which was not authorized to do business in this State.    Switser had for some time carried the insurance of the defendants.    A policy was cancelled, and Switser was unable to place it with any of his companies, and so informed the defendants, telling them he could put them in the Continental, but that the company was not authorized to do business in this State, and he should have to act as their agent in the matter; and the business proceeded under that understanding.    Switser made out an application, had it signed by the defendants, and mailed it to the company.    The

company accepted the application, issued the policy, and mailed it to Switser with a request that he collect the premium, and Switser delivered the policy to the defendants. There was a loss under the policy, which was paid.

The defendants insist that the company, in issuing and delivering the policy under these circumstances, was transacting insurance business in this State contrary to V. S. 4181, and that for this reason payment of the assessment cannot be enforced in this State. But we think the transaction was a procuring of insurance at the home office of the company, and was permissible under V. S. 4182, which authorizes the insurance commissioners, under certain conditions, to license foreign companies to do insurance business in this State by licensed resident agents, and provides that its provisions shall not be construed to prohibit residents of this State from procuring insurance at the home office of any foreign company. Such contracts are excepted from the prohibition against foreign insurance companies doing business in this State without a license, and are clearly enforceable in this State. The defendants knew that the company was not authorized to transact insurance business in this State. Knowing this, they proceeded to procure insurance at the home office of the company, and under the findings it must be held that they made Switser their agent to procure such insurance. He wrote their application and sent it to the company, and the company accepted the application, issued its policy and mailed it from its home office in Boston to Switser, with the request that he collect the premium. There was no condition attached to the delivery and nothing to indicate that the policy was not to be operative and binding from its date, or from the date of the application; and the delivery thus made was a delivery of the policy to the defendants in Boston. The delivery thus made must be regarded the same, in law, as it would have been had the application been sent by the defendants personally, and the policy mailed to

them with a request to pay the premium. The contract took effect when the policy was deposited in the post office in Boston, was a Massachusetts contract and governed by the laws of that state.

*Hartford S. B. I. & Ins. Co.* v. *Lasher Stocking Co.*, 66 Vt. 439, was an action to recover an insurance premium. The application was made at the solicitation of a special agent of the plaintiff, and was delivered to the agent in this State and by him transmitted to the branch office of the plaintiff in New York. The plaintiff deposited in the mail in New York city an envelope containing the policy of insurance in accordance with the terms of the application, and the same was duly received by the defendant. It was held that the contract took effect when the policy was deposited in the post office in New York, was a New York contract and governed by the laws of that state.

*Hyde, Receiver,* v. *Goodnow,* 3 N. Y. 266, was an action to recover a premium note. The company's agent received from a resident of Ohio an application for insurance and transmitted it to the office of the company in New York, where it was approved and a policy issued and transmitted to the defendant by mail. It was held that the contract was made in New York, and, therefore, that the contract was not within the prohibition of the statute of Ohio, declaring that "no policy of insurance shall be signed, issued or delivered" in that state by a company not chartered by the laws thereof, except by the agent of such company, who should first have obtained a license in the manner prescribed by the act.

In *Western* v. *Insurance Co.*, 12 N. Y. 258, the application was made in Canada and there delivered to the mutual agent of the parties and by him sent to the company in New York. The application was there accepted, a policy issued and sent to the mutual agent of the parties in Canada to be delivered to the applicant; and it was there delivered to him. It was held that the contract of insurance was made

in New York, was there to be performed, and its validity depended upon its laws.

The statute of Massachusetts, § 47, chapter 522, Acts of 1894, which was found authentic by the court below, provides as follows: "Whenever a mutual fire insurance company is not possessed of cash funds above its insurance reserve, sufficient for the payment of incurred losses and expenses, it shall make an assessment for the amount needed to pay such losses and expenses upon its members liable to assessment therefor, in proportion to their several liability. The company shall cause to be recorded in a book kept for that purpose the order for such assessment, together with a statement that shall set forth the condition of the company at the date of the order, the amount of its cash assets and of its deposit notes or other contingent funds liable to the assessment, the amount of the assessment called for and the particular losses or other liabilities it is made to provide for. Such record shall be made and signed by the directors who voted for the order, before any part of the assessment is collected, and any person liable to the assessment may inspect and take a copy of the same." The official records of the company show an assessment and a substantial compliance with this statute. It is found that the defendants received due notice of the assessment made against them, and nothing appearing to the contrary it must be held that the assessment was valid under the laws of Massachusetts, and enforceable in this State.

The contract being dependent upon the laws of Massachusetts for its validity, and the assessment, as shown by the official records of the company, being valid under its laws, it is unnecessary to pass upon the objections taken to the deposition of Richard C. Peters, as that part of the deposition objected to did not affect the validity of the assessment under the Massachusetts statute, and its exclusion, on a re-trial, could not change the result.

*Judgment affirmed.*