(51 App. Div. 91.)

DESMOND v. SUPREME COUNCIL, CATHOLIC BENEVOLENT LEGION.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

MUTUAL BENEFIT INSURANCE—ESTOPPEL—WAIVER.

A certificate of insurance issued by a fraternal benefit association provided that it was issued on condition that the statements in the application for membership were true. The application stated that the applicant had never applied for membership in the order, and had never been rejected, which was false; a prior application having been rejected by the

medical examiner, who approved the second application. It was his duty to pass on all medical examinations, and keep a record of those that were rejected, but it was no part of his duty to issue or deliver the certificate, and neither the officer who issued it, nor the officers of the local lodge who delivered it to the insured, knew anything of his prior application and rejection. *Held*, that the association was not chargeable with the knowledge of its medical examiner as to the prior application and rejection, and was not estopped from availing itself of the defense of breach of warranty.

Appeal from trial term, Albany county.

Action by Jane Desmond against the Supreme Council, Catholic Benevolent Legion. From a judgment for plaintiff entered on a directed verdict, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, MERWIN, SMITH, and KELLOGG, JJ.

McGuire, Low & Burr, for appellant.

George Addington, for respondent.

MERWIN, J. The defendant is a domestic corporation, and its principal office for the transaction of business is in the city of Brooklyn. It is a fraternal benefit association, and has subordinate branches or councils. On the 22d day of September, 1893, it issued to William H. Desmond, a member of a subordinate council at Albany called the "John Tracey Council," a benefit certificate, by which it agreed that, in case certain conditions were complied with, it would, upon the death of William H. Desmond, pay to his wife, Jane Desmond, out of its benefit fund, a sum not exceeding $2,000, according to the rules governing that fund. William H. Desmond died on 22d October, 1898. The proper proofs of death were filed, and the amount of recovery is correct, provided the plaintiff can recover at all. The claim of the defendant is that the plaintiff cannot recover by reason of a breach of the warranty of the truth of the statements in the application for the certificate and medical examination attached. In the certificate it is stated that it "is issued to William H. Desmond, a member of John Tracey Council, No. 377, Catholic Benevolent Legion, located at Albany, N. Y., upon evidence received from said council that he is a third-grade contributor to the benefit fund of this legion, and upon condition that the statements are true which are contained in his application for membership, and medical examination filed in the office of the supreme secretary, and made a part of this contract, and that he will strictly comply with the laws, rules, and regulations of the legion." In the application, which is dated August 25, 1893, there was a clause as follows: "I hereby make application for third-grade membership in your council of the Catholic Benevolent Legion, and do declare and warrant as true every statement made by me upon this application, and every answer and statement I shall make to the medical examiner." Among the questions and answers in the medical examination attached to the application, there are the following: "Have you ever before applied for membership in the Catholic Benevolent Legion? No. Or any other beneficial society or life insurance? Yes. Were you ever rejected? No." At the close of the medical examination, and just before the

signature of the applicant, there is the following: "I hereby certify that the answers given to the questions in this application are correct, to the best of my knowledge and belief." The application was approved by the medical examiner in chief on September 21, 1893, in the following terms: "The foregoing having been referred to me for decision, I do hereby approve the same for the third grade. Geo. R. Kuhn, M. D., Medical Examiner in Chief, C. B. L." It was shown by the defendant that on 25th September, 1888, the applicant, William H. Desmond, applied for membership in the defendant, such application being made to the Capital City Council, a subordinate branch or council located at Albany, and that his medical examination upon such application was rejected by Dr. Kuhn, the medical examiner in chief, and notice thereof given by him to the Capital City Council. The papers in the case were retained on file in the office of the medical examiner in chief, in accordance with the laws of the Legion. There is no dispute of the application and rejection in 1888. It consequently follows that there was a breach of the warranty (Kemp v. Association [Sup.] 19 N. Y. Supp. 435, affirmed in 135 N. Y. 658, 32 N. E. 648, upon opinion below), and it is available to the defendant, unless, as claimed by the plaintiff, the defendant is estopped by reason of knowledge of the prior application and rejection at the time it issued the certificate in suit.

The argument of the plaintiff is, in substance, that Dr. Kuhn, the examiner in chief, at the time he approved the application for the certificate in suit, knew, or was chargeable with knowledge, of the prior application and rejection; that his knowledge is to be deemed the knowledge of the defendant; and that, therefore, the defendant, having issued the certificate and received the assessments thereon with full knowledge of facts that would render it void, will not be permitted to defeat a recovery by proving such facts. Robbins v. Insurance Co., 149 N. Y. 477, 44 N. E. 159; Kelly v. Insurance Co., 15 App. Div. 220, 44 N. Y. Supp. 179. There is no proof that Dr. Kuhn in fact knew in 1893 the circumstances of the transaction in 1888. He might have known by an examination of the papers in his office.

Assuming that Dr. Kuhn did know, was his knowledge chargeable to the defendant? Under the by-laws of the defendant, it was the duty of the medical examiner in chief "to receive and scrutinize all medical examinations and such accompanying statements or certificates as may be referred from any subordinate medical examiner, and promptly return to the secretary or medical examiner of such council all examinations approved by him, with his decision indorsed thereon. All examinations rejected by him shall be filed in his office, and the council notified of the rejection immediately." It was not a part of the duty of the examiner in chief to issue or deliver the certificate. His action was only a preliminary step in the transaction. The application for membership was first passed upon by the medical examiner of the subordinate council. If approved by him, it was then referred to the medical examiner in chief. If he approved it, he returned it to the secretary of the subordinate council, and then, at the next stated meeting, the report of the committee of investigation

and the medical certificates were presented togther, and, if all were favorable, a ballot was taken. If only one black ball appeared, the applicant was declared elected. He then became, as it may be inferred, entitled to his certificate of membership and consequent benefits. The actors in the final delivery of the benefit certificate were the officers of the council which elected the member. There is no evidence that they knew anything about the prior application and rejection, and it is hardly claimed that they or the defendant are chargeable with the knowledge possessed by the subordinate council to whom the application was made in 1888. In regard to a similar situation, it was said, in Hackett v. Supreme Council, 44 App. Div. 524, 60 N. Y. Supp. 806, that, if a record of rejections was kept by the examiner in chief, it would not estop the defendant from taking advantage of false statements that were made by the insured; that the mere existence of the record would not be enough to make the misrepresentation immaterial, unless the contents of the record, or the fact of the previous rejection, and the consequent falsity of the applicant's present answer, were actually known to those officers or agents of the defendant from whom the insurance was obtained. Under the circumstances presented in this case, the defendant is, we think, not chargeable with the knowledge of the examiner in chief as to the prior application and rejection. It has the right to avail itself of the defense of breach of warranty. Clemans v. Society, 131 N. Y. 485, 30 N. E. 496, 16 L. R. A. 33. There is no evidence in the case from which the court had a right to find a waiver. It follows that the court erred in directing a verdict for the plaintiff.

Judgment reversed upon the law and the facts, and new trial granted, with costs of appeal to the appellant to abide the event. All concur.