-the nonresident Californians are concerned. It was stated on the argument that the title does not depend upon the validity of the service on the defendant resident in Ohio. Why one should infer absence from New York from residence in Ohio, or even in California, is not apparent at first glance. Ohio is neither an adjoining state nor geographically a distant locality; but if a line is to be drawn between adjoining states and distant states, and if Maryland is to be deemed a distant state, it would seem that Ohio might be deemed remote, and not as a place of residence for many persons frequently in New York for the purposes of sustaining this order on this motion.

Held, that the affidavit was sufficient, and that the purchaser must complete his purchase. So ordered.

---

### HAMMOND v. INTERNATIONAL RY. CO. et al.

(Supreme Court, Trial Term, Erie County. May, 1909.)

1. INSURANCE (§ 16*)—FOREIGN CORPORATIONS—DOING BUSINESS.

Defendants telegraphed in New York to a Massachusetts insurance company, asking the amount of insurance which could be placed, to which the company answered, and asked from what date the insurance was wanted, and defendants answered by telegram, requesting it to send the policy, and the policy was afterwards executed in Massachusetts. Held, that the preliminary negotiations did not amount to the transaction of business in this state by the insurance company.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 17; Dec. Dig. § 16.*]

2. CONSTITUTIONAL LAW (§ 89*)—RIGHT TO CONTRACT.

A Massachusetts insurance company has a constitutional right to make a contract in Massachusetts with a citizen of New York to insure property in this state, and a New York law would be void so far as it interfered with such right.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 157; Dec. Dig. § 89.*]

3. INSURANCE (§ 175*)—CONTRACTS—COMMENCEMENT OF RISK.

Defendants in New York telegraphed to an insurance company in Massachusetts as to how much insurance it would place, and the company stated a certain amount in reply and asked the date of the proposed policy, to which defendants replied on February 4th, stating that the policy should date from February 14th, and it was executed and dated in Massachusetts, and mailed there on February 6th to defendants in New York; the premiums being payable in Massachusetts. Held, that the policy was a Massachusetts contract, which became effective when it was mailed there.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 175.*]

Action by Franklin T. Hammond, receiver of the Atlas Mutual Insurance Company, against the International Railway Company and others. Judgment for plaintiff.

L. M. Cummings, for plaintiff.
Dana L. Spring, for respondents.

POUND, J. This is an action to recover assessments on a policy of fire insurance on property located in New York state, issued by the

Atlas Mutual Insurance Company, a mutual insurance company created and existing under the laws of Massachusetts, and not authorized, pursuant to the provisions of Insurance Law (Laws 1892, pp. 1934, 1941, c. 690) §§ 9, 25, to transact the business of insurance within this state. The defense is that the contract sued upon was made in the state of New York, and is therefore void.

"All fire insurance policies issued to residents of this state on property located herein, by companies that have not complied with the requirements of the general insurance law of this state, shall be void" (except such as have been obtained by duly licensed agents to procure such insurance). Insurance Law (Laws 1892, p. 1990, c. 690) § 137.

The Atlas Company had no officers or agents within New York, and the insurance was not procured by a duly licensed agent. Defendants opened negotiations for insurance by a letter from Buffalo, dated February 2, 1904, asking the company to wire the total amount of insurance it would be able to place. The company wired, under date of February 4, 1904:

"Can accept $150,000. From what date is insurance wanted?"

Under same date defendants replied:

"You may issue for us policy for $150,000, dating same February 14th, for term of one year. Send along policy at once, with bill for same."

On February 6th the policy was mailed in Boston. It is dated in Massachusetts, and was executed and is payable there. The premium was paid there.

It is unnecessary to consider the question raised by the defendants as to where the contract to insure was made. They maintain that the mailing of the letter of February 4th, in reply to the telegram of the insurance company, amounted to an acceptance of the company's offer, and brought into existence a New York contract. But it would seem that defendants' letter amounted merely to an application for insurance, and in any event the contract in suit is the insurance policy, and not the preliminary agreement to insure, which, so far as this case is concerned, was an isolated transaction, not amounting to the transaction of business in this state. Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127.

A Massachusetts insurance company has a constitutional right to enter into a contract in Massachusetts with citizens of New York for the purpose of insuring property in New York, and the provisions of the insurance law are void so far as they interfere with this right. Allgeyer v. Louisiana, 165 U. S. 578, 17 Sup. Ct. 427, 41 L. Ed. 832. The law seems settled that this policy of insurance must be regarded as a Massachusetts contract, which took effect when it was mailed in Boston (Western v. Genesee Mutual Ins. Co., 12 N. Y. 258; Baker v. Spaulding Bros., 71 Vt. 169, 42 Atl. 982; Western Mass. F. Ins. Co. v. Hilton, 42 App. Div. 52, 58 N. Y. Supp. 996), and that this action will lie.

The measure of defendants' liability is fixed at the amount claimed in the complaint, by the rule laid down in the case of Hammond, Receiver (Same Plaintiff) v. Knox, 125 App. Div. 9, 109 N. Y. Supp.

367, affirmed 194 N. Y. ——, 87 N. E. 1120, without opinion, so that discussion of the amount due is uncalled for. Plaintiff is entitled to judgment for the amount demanded in the complaint.