### GALLAGHER v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term.    March 10, 1910.)

INSURANCE (§ 136*)—DELIVERY OF POLICY—CONSTRUCTIVE DELIVERY.

    Where an applicant for a life policy tendered 10 cents on making application, and took a receipt therefor from the agent, and was thereafter approved by the company's medical examiner, the delivery of the policy to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

the soliciting agent for delivery to the applicant was a sufficient delivery to him, although he died before it was actually delivered to him.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 219–230; Dec. Dig. § 136.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Thomas Gallagher against the Metropolitan Life Insurance Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

John M. Scoble, for appellant.

Ritch, Woodford, Bovee & Butcher (Frederick C. Tanner, of counsel), for respondent.

GUY, J. Appeal from a judgment in favor of the defendant, rendered upon an agreed state of facts, as follows:

That on the 2d day of June, 1909, one John Gallagher duly applied in writing to the defendant company for a policy of insurance, payable, in the event of his death, to his father, Thomas Gallagher, the plaintiff herein. At the time of making the application the aforesaid applicant paid the sum of 10 cents and took a receipt therefor, which is marked in evidence and which reads as follows:

"No. ———.

"Received from Gallagher 10¢/100 dollars being a deposit on account of application for insurance in the Metropolitan Life Insurance Co. made this date, which said deposit is to be paid by me to the company if the application is accepted, and returned to the applicant if the application be rejected. No obligation is incurred by said company by reason of this deposit unless and until a policy is issued upon said application, and unless at the date and delivery of said policy the life proposed is alive and in sound health.

"Dated ———, 1909.  H. Sweeny, Agent."

That prior to the 14th day of June, 1909, the said applicant was duly approved by the medical inspector of the defendant corporation, and on that day a policy of insurance was duly handed to the soliciting agent of the defendant, for delivery to the insured. That on the 16th day of June, 1909, the aforesaid John Gallagher was taken to the hospital, and died on the 17th day of June, 1909. The soliciting agent of the defendant, on the 17th day of June, 1909, tendered and offered to return the sum of 10 cents, which tender and offer were refused.

The trial court dismissed the complaint without prejudice. This was error under the decision in Fried v. Royal Insurance Co., 47 Barb. 127, affirmed 50 N. Y. 243. The delivery of the policy to the agent was sufficient as a delivery to the plaintiff.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

SEABURY, J., concurs.

WHITNEY, J. (concurring). The facts are set forth in the opinion of Justice GUY. As the 10 cent deposit was "on account," it must

be deemed to have become, on acceptance of the application, the premium for the first week; the policy being for $198 (half that amount in case of death within six months), with a weekly premium of 10 cents. Upon acceptance, therefore, which was evidenced by the issuance of the policy on June 14, 1909, the first premium was already paid. It was the agent's duty forthwith to pay it to the company and deliver the policy, if the applicant was still in sound health. Delay on his part could not lawfully prejudice the insured. Fried v. Royal Insurance Co., 50 N. Y. 243; Chief Justice McClain in 25 Cyc. 718.

If the policy had been already issued, and the requirement that at time of issuance the insured is in sound health had been one of its conditions, the burden of disputing the soundness of his health would have been upon the company. Kelly v. Metro. Life Ins. Co., 15 App. Div. 220, 223, 44 N. Y. Supp. 179; Breese v. Same, 37 App. Div. 152, 159, 55 N. Y. Supp. 775. Assuming that the case is otherwise here, yet I think that the company's own medical certificate of his good health on June 6th establishes a presumption of fact that he was still in the same condition on June 14th, although for some unknown illness taken to the hospital two days later.