THOMAS GALLAGHER, Appellant, v. THE METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

(Supreme Court, Appellate Term, March, 1910.)

Insurance — Requisites and validity of contract — In general — Delivery of policy — What constitutes delivery.

> The delivery to the soliciting agent of an insurance company of a policy of insurance, issued in pursuance of an application therefor, upon the life of the applicant, is a sufficient delivery to the insured; and the delay of the agent to deliver the policy to the assured until after the latter's death cannot affect the right of the beneficiary to maintain an action thereon.

APPEAL by the plaintiff from a judgment in favor of the defendant, rendered in the Municipal Court of the city of New York, first district, borough of Manhattan.

John M. Scoble, for appellant.

Ritch, Woodford, Bovee & Butcher (Frederick C. Tanner, of counsel), for respondent.

GUY, J.   Appeal from a judgment in favor of the defendant, rendered upon an agreed state of facts, as follows:

That on the 2d day of June, 1909, one John Gallagher duly applied in writing to the defendant company for a policy of insurance payable, in the event of his death, to his father, Thomas Gallagher, the plaintiff herein.   At the time of making the application, the aforesaid applicant paid the sum of ten cents and took a receipt therefor, which is marked in evidence and which reads as follows:

Supreme Court, Appellate Term, March, 1910.   [Vol. 67.

" No. . . . . . . . . . . . .

" Received from Gallagher 10c./100 Dollars being a deposit on account of application for insurance in the Metropolitan Life Insurance Co. made this date, which said deposit is to be paid by me to the company if the application is accepted, and returned to the applicant if the application be rejected. No obligation is incurred by said company by reason of this deposit unless and until a policy is issued upon said application, and unless at the date and delivery of said policy the life proposed is alive and in sound health.

" Dated, . . . . . . . . . . . . , 1909.

" H. SWEENY, *Agent.*"

That prior to the 14th day of June, 1909, the said applicant was duly approved by the medical inspector of the defendant corporation, and on that day a policy of insurance was duly handed to the soliciting agent of the defendant, for delivery to the insured. That on the 16th day of June, 1909, the aforesaid John Gallagher was taken to the hospital and died on the 17th day of June, 1909. The soliciting agent of the defendant, on the 17th day of June, 1909, tendered and offered to return the sum of ten cents, which tender and offer were refused.

The trial court dismissed the complaint without prejudice. This was error under the decision in Fried v. Royal Insurance Co., 47 Barb. 127; affd., 50 N. Y. 243. The delivery of the policy to the agent was sufficient as a delivery to the plaintiff.

Judgment reversed and new trial ordered.

SEABURY, J., concurs.

WHITNEY, J. (concurring). The facts are set forth in the opinion of Justice Guy. As the ten cent deposit was " on account," it must be deemed to have become an acceptance of the application, the premium for the first week, the policy being for $198 (half that amount in case of death within six months) with a weekly premium of ten cents. Upon acceptance, therefore, which was evidenced by the issuance of the policy on June 14, 1909, the first premium was

already paid. It was the agent's duty forthwith to pay it to the company and deliver the policy, if the applicant was still in sound health. Delay on his part could not lawfully prejudice the insured. Fried v. Royal Insurance Co., 50 N. Y. 243; Chief Justice McClain in 25 Cyc. 718.

If the policy had been already issued and the requirement that at time of issuance the insured is in sound health had been one of its conditions, the burden of disputing the soundness of his health would have been upon the company. Kelly v. Metropolitan Life Ins. Co., 15 App. Div. 220, 223; Breese v. Metropolitan Life Ins. Co., 37 id. 152, 159. Assuming that the case is otherwise here, yet I think that the company's own medical certificate of his good health on June sixth establishes a presumption of fact that he was still in the same condition on June fourteenth, although for some unknown illness taken to the hospital two days later.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.