ABRAM FRIEDLAND, Respondent, *v.* COMMONWEALTH FIRE INSURANCE COMPANY OF OTTUMWA, IOWA, Appellant.

Second Department, March 3, 1911.

Insurance — surplus line insurance issued by foreign company not authorized to do business here — when policy treated as foreign contract — estoppel of insurer — conflict of. laws — when foreign statutes govern — agreement to procure other insurance — pleading — failure to set out foreign statute — reply.

Section 137 of the Insurance Law, allowing citizens of this State to take "surplus line" insurance from foreign companies not authorized to do business here, does not have the effect of authorizing foreign companies to transact business in this State, but allows brokers to procure such insurance from a foreign company under the special circumstances stated, the broker being the agent of the insured, not of the insurer.

Where such surplus line insurance policy, procured by a citizen of this State from a foreign company not authorized to do business here, purported on its face to be signed and countersigned in the foreign State, it will be deemed to be a foreign contract subject to the provisions of the foreign law in the absence of proof as to where it was prepared, or delivered, or as to where the premium was paid, even though the local agent was licensed to procure insurance from the foreign company. As the foreign insurance company prepared its policy so as

to represent it to have been completed in the foreign State, it is bound by its representation.

Hence, the foreign company cannot repudiate liability for a loss accruing under said policy on the ground that the insured did not also procure a policy covering the same property from another foreign insurance company as required by the terms of the policy, where the law of the place of contract forbids such agreement and prevents insurance companies from enforcing the same, for the courts of this State will enforce such contract according to the laws of the place where made.

Moreover, where the agreement of the insured to procure other insurance is conditioned upon the fact that the insurer is not authorized to do business in this State, it cannot contend that it had a limited authority to do business in this State perforce of section 137 of the Insurance Law, so as to make the contract one which was perfected here.

The plaintiff may take advantage of the foreign statute making such agreement to procure additional insurance void, although he did not set it out in his complaint, if the defendant failed to move to compel him to reply to its defense by way of avoidance, alleging the failure to procure additional insurance.

APPEAL by the defendant, the Commonwealth Fire Insurance Company of Ottumwa, Iowa, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 28th day of July, 1910, upon the verdict of a jury rendered by direction of the court, and also from an order entered on the 8th day of June, 1910, as resettled by an order bearing date the 1st day of August, 1910, and entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*Edwin T. Taliaferro* [*E. Bright Wilson* with him on the brief], for the appellant.

*J. Solon Einsohn,* for the respondent.

Judgment and order affirmed, with costs, on the opinion of Mr. Justice PUTNAM at Trial Term.

JENKS, P. J., BURR, THOMAS, CARR and RICH, JJ., concurred.

The following is the opinion delivered at Trial Term:

PUTNAM, J.:

The defendant is a foreign insurance company not admitted in New York. The policy is what is known as "surplus line" insurance which may be procured from companies not admitted by sec-

tion 137 of the Insurance Law (Consol. Laws, chap. 28 ; Laws of 1909, chap. 33). The policy is dated and countersigned at Ottumwa, Ia. It bears the following stamped clause : " It is hereby agreed and understood, that in case of loss under this policy and this Company is not authorized to do business in the State of New York it will settle upon the same basis and in the same manner as may be agreed to by the Northern Insurance Company of England. Warranted same gross rate, terms and conditions, as and to follow above mentioned Company, and that said Company has during the currency of this policy at least $1,000 on the identical subject-matter and risk, and in identically the same proportion on each separate part thereof."

The defendant resists liability on the ground that the insured had no policy in the Northern Insurance Company of England, thereby breaking a warranty which, it is claimed, exists in the latter part of the above clause. This clause is very confused, but in it are mingled two dependent provisions. *First,* in favor of the assured entitling it to use against defendant any adjustment of loss made with the Northern Company which was especially valuable to the insured if the defendant should not be authorized to do business in New York, and therefore, not to be readily reached here after a loss. *Second,* that this insurance shall follow and be on same terms and conditions as those of the policy of this mentioned company, as otherwise an adjustment with it would not apply to defendant's policy.

Apparently the liberty given in section 137 of the Insurance Law does not admit the insuring company to this State or authorize it to transact business therein. It allows citizens of the State to get insurance from unauthorized and unadmitted companies on certain conditions. Such agents, however, under section 137, are the agents of the insured, and not of the company. (Report of Attorney-General [1893], p. 388.) The defendant was not authorized to transact any business in this State, but in the special circumstances pointed out insurance brokers were allowed to procure fire insurance from it. (*Baker* v. *Spaulding,* 71 Vt. 169.)

The policy being dated, signed and countersigned at Ottumwa, was on its face an Iowa contract. The secretary of defendant indeed gave evidence tending to show that such signatures had been

made while the form was in blank and that the policy had been finally completed by its agents in New York, who had added the printed rider and this stamped clause. No direct proof, however, was given that such preparation of the policy was effected in New York, or where it was delivered or how the premium was paid. Considering the public policy of this State regulating insurance and prohibiting outside companies from transacting business here so that this defendant not being authorized to do business here, had, therefore, prepared its policy so as to represent it as completed in Iowa, it should now be bound by such representation. A local agent or placer was licensed to procure insurance from defendant, but defendant was not authorized to enter the State, maintain an agency in New York city, prepare and issue its policies there, and so transact the insurance business in New York in defiance of law. Its policy purports to be an Iowa policy, and it should not escape therefrom, except by evidence of lawful acts under our law.

My conclusion is that the policy is an Iowa contract and subject to the provisions of sections 1743 and 1746 of the Code of Iowa, the latter of which is:

Section 1746: " Other Insurance — Pro-rating. Any provision, contract or stipulation contained in any policy of insurance, issued by any insurance company doing business in the State, under the provisions of this chapter, providing or stipulating that the insured shall maintain insurance on any property covered by such policy to any extent, or shall to any extent be an insurer of the property insured in such policy, or shall bear any portion of the loss on the property insured, shall be void. * * * No condition or stipulation in a policy of insurance fixing the amount of liability or recovery under such policy with reference to pro-rating with other insurance on property insured shall be valid, except as to other valid and collectible insurance, any agreement to the contrary notwithstanding."

This legislation clearly forbids the warranty and disables the defendant from taking steps to enforce such an unauthorized clause. This court is bound to enforce the law of Iowa as that of the place of contract. (*Warrender* v. *Warrender*, 2 Cl. & Fin. 488, 530; *Equitable Life Assurance Society* v. *Clements*, 140 U. S. 226; *New York Life Ins. Co.* v. *Cravens*, 178 id. 389.)

Should it be contended that insurance under section 137 is for

such policies a limited authority to transact business within this State so that when an agent is licensed to go out and insure surplus lines, the insurer is permitted to come into the State and perfect its policy here, then it allows that the condition of the clause itself fails, as the stamped clause is predicated on condition that the defendant is not authorized to do business in the State of New York.

The warranty which follows is linked with this premise, and if the premise falls the obligation of the warranty should fall with it. The court should not extend the time of such a warranty and free it from the condition to which it is plainly attached.

In either view, therefore, the warranty is ineffective.

The contention that the Iowa statutes were not pleaded is without merit, because there was no occasion to plead them, except by a reply which defendant might have demanded. (Code Civ. Proc. § 516.)

The stamped clause on the back of the policy was not raised by the answer. Whether a signature of the procuring agent was placed on it, or not, was no part of the contract, but at most was a notice of the way it had been procured, and the omission to comply with the notice could not avoid defendant's obligation.

Motion to set aside verdict is denied and judgment therein directed for plaintiff.