Margaret Jones, as Ancillary Administratrix, etc., of Johanna Culbert, Deceased, Respondent, v. Metropolitan Life Insurance Company, Appellant.

Supreme Court, Appellate Term, First Department, January 30, 1936.

*Tanner, Sillcocks & Friend* [*Henry J. Sillcocks* and *Herbert F. Garrick* of counsel], for the appellant.

*Leo D. Grossman,* for the respondent.

SHIENTAG, J. Plaintiff sues as ancillary administratrix of the estate of Johanna Culbert to recover on three policies of industrial insurance on the latter's life, to which the applications were not attached. As to one of the policies, defendant maintains it had never been delivered to the insured at all. The jury specifically found otherwise. As to all three of the policies, defendant claims the insured was not in sound health when they were issued, and that this fact avoided the policies according to their terms. Plaintiff admits that the insured was in unsound health at the time the policies were issued, but insists that there was a waiver by defendant of the " unsound health " clause since its agent had been informed of the insured's unsound health before the applications were accepted and the policies issued. Defendant objected at the trial to the eliciting of testimony of oral conversations with the agent to show waiver, on the ground that the insurance contracts were entered into in New Jersey, and could not be so varied according to New Jersey law. The court, however, ruled that the policies were New York contracts, refused to receive evidence of the New Jersey law, and overruled the objection. It is this action of the trial court which is cited as error.

It was shown at the trial that at the time the policies in suit were issued and at the date of her death, the insured was a resident of New Jersey; that the policies were applied for and premiums all paid to the defendant's agent in New Jersey; and that plaintiff, a daughter of the insured and a beneficiary of the proceeds of the policies, also resided in New Jersey. Defendant is a New York corporation, with its home office in New York city. The policies were issued at the home office, sent to defendant's New Jersey agent, and he, in turn, personally handed them to the insured in New Jersey. It is not definitely shown whether the defendant mailed the policies from New York to the agent in New Jersey, or handed them to him in New York, though the former appears to be the mode of delivery to the agent.

There were no conditions precedent to the delivery of the policy to be satisfied. The initial premium was paid in advance at the time the applications were submitted, and there is no clause that the policy shall be effective only on acceptance by, or delivery to the insured.

The cases in New York take various positions on the question of which law governs the validity of a contract. In some the place where the contract was made is said to be determinative. (*Straus & Co.* v. *Canadian Pacific Ry. Co.*, 254 N. Y. 407, 414; *U. S. Mortgage & Trust Co.* v. *Ruggles*, 258 id. 32, 38.) It is the opinion of an outstanding authority that this represents the present New

York rule, unless there is a clear indication that the parties meant the contract to be governed by the place of performance. (2 Beale Conflict of Laws [1935], 1157.) The view that the place of making governs has as a necessary concomitant the theory that the place where the contract was made is the place where the last act legally necessary to effectuate a binding agreement took place.

Other cases maintain that the contract is governed by the law of the place of performance. (*Manhattan Life Ins. Co.* v. *Johnson*, 188 N. Y. 108, 113; *Jewell* v. *Wright*, 30 id. 259, 264; *Curtis* v. *D., L. & W. R. R. Co.*, 74 id. 116, 120.) Still other cases rely on the intention of the parties to determine which law governs the contract. (*Wilson* v. *Lewiston Mill Co.*, 150 N. Y. 314, 323; *Stumpf* v. *Hallahan*, 101 App. Div. 383, 386; affd., 185 N. Y. 550.) The last position that the cases take is the one which assumes that it is the grouping of the various elements which have gone to make up the contract that determines which law governs. (*Hooley* v. *Talcott*, 129 App. Div. 233, 236, 240; cf. *Sliosberg* v. *New York Life Ins. Co.*, 244 N. Y. 482.) This last position, in an extended form, has been espoused by an English authority as the method to be used in resolving conflict of law difficulties. (Cheshire Private Internat. Law, 183 *et seq.*)

Whichever judicial test is resorted to in this instance, the contract must be regarded as governed by New York law. If it be assumed that the law of the place of making governs, the contract in suit must be deemed to have been made in New York. When an insurance policy is mailed, with nothing further to be done on the part of either of the contracting parties, the contract becomes effective as of the time when and necessarily as of the place (2 Beale Conflict of Laws, 1056, note 6) from which it was mailed. (*Western* v. *Genesee Mutual Insurance Co.*, 12 N. Y. 258; *Western Massachusetts Fire Ins. Co.* v. *Hilton*, 42 App. Div. 52; *Hammond* v. *International Railway Co.*, 63 Misc. 437; affd., 134 App. Div. 995.) Where a definite contract has been accepted by both parties, evidenced by the execution and issuance of the policy, with no conditions precedent to be performed, and nothing further to be done but transmission to the insured, delivery to the soliciting agent of the company, who has naught to do but transmit it, is considered delivery to the insured. In such a case the agent is merely a conduit, as any public messenger would be. (*New York Life Ins. Co.* v. *Rutherford*, [C. C. A.] 284 Fed. 707; certificate denied, 262 U. S. 745; *Mutual Life Ins. Co. of Baltimore* v. *Otto*, 153 Md. 179; 138 A. 16.) There is no question but that mailing of such a policy to the insured is sufficient delivery to him. (*Hyde* v. *Goodnow*, 3 N. Y. 266; *Stone* v. *Penn Yan, etc., R.*, 197 id. 279.)

Whatever may be the rule with respect to the ordinary contracts, there is no reason why mailing to the agent of the insurer should not likewise be sufficient delivery so as to make the contract of insurance effective. (*Jackson* v. *New York Life Ins. Co.*, [C. C. A.] 7 F. [2d] 31; *Commercial Ins. Co.* v. *Hallock*, 27 N. J. L. 645.) The leading textwriters support this position, though there is a dearth of cases dealing specifically with this point. (1 May Ins. [4th ed.] § 60; Vance Ins. [2d ed.] 211; 1 Couch Cyclopedia Ins. Law, §§ 125, 127; 32 C. J. 1127; 14 R. C. L. 898.)

*Fried* v. *Royal Insurance Co. of Liverpool* (47 Barb. 127; affd., 50 N. Y. 243) and its successors (*Gallagher* v. *Metropolitan Life Ins. Co.*, 67 Misc. 115; *Lasch* v. *New York Life Ins. Co.*, 92 id. 190; *Yousey* v. *Queen Ins. Co.*, 148 N. Y. Supp. 125, 127) are not contrary to the rule we have just enunciated. The *Fried* case, on which the later cases rely, does not stand for the proposition that to consummate the contract of insurance the policy must not only be transmitted to, but actually received by the agent.

If the law of the place of performance be considered controlling, New York law must likewise apply. No clause in the policies covers the place where payment is to be made on death. Two clauses in the policies might, however, be considered pertinent. One provides that if a claim arises, claimant should call personally at the district office through which premiums have been paid; the other makes the option to surrender clause exercisable at the district office. Neither specifically refers to the payment of the proceeds on death. In addition, premiums were paid directly to the soliciting agent who called at the home, and he in turn apparently dealt directly with the home office of the company. No district office was involved.

In the absence of any provision in the policies governing the place of performance, the authorities are to the effect that the place of payment is either where the principal office of the insurer is situated (*Ruse* v. *Mutual Benefit Life Ins. Co.*, 23 N. Y. 516, 522), or it will be presumed to be the same as the place where the contract was made. (*Thompson* v. *Lakewood City Development Co.*, 105 Misc. 680; affd., 188 App. Div. 996.) Both these places were New York.

Certainly the defendant considered the contract a New York obligation. Its policy was headed " Home Office: New York City," and its attestation clause recited the delivery of the policy on the date of its issuance. These indicate that the defendant considered the obligation immediately effective on its issuance in New York.

Again, if the grouping of the various elements be considered the determinative test, New York law must apply. Defendant was a

New York corporation, with its home office in New York city; the policies were issued and were payable in New York; elections of directors, in which policyholders had the right to vote, were held in New York; the distribution of surplus, in which policyholders could participate, was expressly conditioned on the approval of the Superintendent of Insurance of the State of New York. Opposed to this is the fact that the insurance was solicited in, and premiums paid in New Jersey by a resident of that State. The elements in the first group are of greater significance than those of the second in determining which law should govern the contract between the parties. The judgment below is affirmed, with twenty-five dollars costs.

LYDON and CALLAHAN, JJ., concur.