Daniel G. Albert, J.
The question presented on this motion is Avhether an unauthorized foreign insurance company may maintain a declaratory judgment action in this State where it failed to file a certificate of authority to transact business hero Avith the Secretary of State (General Corporation Law, § 210). The issue is raised by motion of the defendant, Murphy, to dismiss the complaint on the ground that the action is not maintained under section 218 of the General Corporation Luav.
The plaintiff is a Pennsylvania insurance company which is not licensed to transact business in Nbav York. On August 14, 1960, the plaintiff issued to the defendant, International Tram-Po-Line Manufacturers Inc., a liability insurance policy under Avhich it undertook to insure that defendant against liability for accidents occurring on the named assured’s premises. The infant defendant, Murphy, allegedly sustained personal injury as the result of an accident Avhile a patron on the assured’s premises, and on April 22,1961, he commenced an action against plaintiff’s insured. The plaintiff originally undertook a defense of the action, but thereafter disclaimed liability for failure of its insured to co-operate and assist in the defense of the action in violation of the policy conditions. The present action was then commenced by the plaintiff for the purpose of securing an adjudication of its rights under the policy.
Although the plaintiff is a nonlicensed insurance carrier, the policy in question was validly issued under the Iuavs of this State as it was allegedly procured through a licensed excess line broker (Insurance Law, § 122). The provisions of section 122 permit the procurement of insurance against specified hazards or risks with unauthorized foreign companies where such insurance is not obtainable from licensed carriers. While this section allows *812 insurance brokers to secure policies "from unauthorized or unadmitted companies in special circumstances, it does not admit the insuring company to the State or authorize the carrier to transact business here (Friedland v. Commonwealth Fire Ins. Co. of Ottumwa, 143 App. Div. 570, affd. 207 N. Y. 705).
Special provisions for the licensing and control of brokers placing excess line risks are found in the statute (Insurance Law, § 110 et seq.) and in regulations promulgated by the Superintendent of Insurance (see Matter of B. & R. Excess Corp. v. Thacher, 37 Misc 2d 307). One requirement of the Department of Insurance is that the broker secure the consent of the unauthorized insurer to the designation of the Superintendent as its agent to receive process as a condition for securing approval for the writing of the risk (11 NYCRR, 27.6 [b]). Section 59-a of the Insurance Law also permits a form of substituted service to be made on unauthorized companies through service on the Superintendent, and this section is applicable to policies obtained by excess line brokers in accordance with section 122 unless the contract itself designates the Superintendent as the company’s attorney to receive process (§ 59-a, subd. 5).
The statutory and regulatory provisions above-mentioned demonstrate that unadmitted alien insurance carriers issuing policies through excess line brokers are subject to both: (1) the service of process in this State, and (2) the indirect supervision of the Insurance Department through its control over the licensed brokers. These provisions consequently achieve, in this particular type situation, the same purpose for which sections 210 and 218 of the General Corporation Law were designed, viz.: (1) to make foreign corporations subject to suit in this fomm, and (2) to protect New York corporations from unfair competition (cf. Jackson v. National Grange Mut. Liab. Co., 274 App. Div. 330, 334, appeal dismissed 299 N. Y. 333; Angldile Computing Scale Co. v. Gladstone, 164 App. Div. 370, 374; Bonnell Co. v. Katz, 23 Misc 2d 1028, 1031). Foreign carriers, such as the plaintiff in this case, are neither evading our laws nor subjecting licensed companies to unfair competition. In fact competition is altogether absent since they issue insurance only against specified hazards which licensed companies will not insure. Such companies in effect are performing a required service. It would seem, therefore, that equal protection demands that such unauthorized carriers be permitted to sue in this forum on policies delivered by them and on which they in turn are subject to suit by residents despite their failure to obtain a certificate of doing business from the Secretary of State (General -Corporation Law, § 210). This viewpoint, as far as the *813 court can determine, has not been advanced or decided in any reported New York case, and reliance on it is not necessary for the purposes of this motion for the reasons noted hereafter.
The complaint in this action only alleges that the plaintiff is a foreign corporation and nothing more. The pleadings do not state that the plaintiff is either doing business in New York or that it is suing on a contract made in the State of Ncav York. In the absence of such allegations, the complaint must he deemed sufficient on its face even though it fails to allege compliance Avith section 210 of the General Corporation LaAv (Universal Pile Co. v. Lizza & Sons, N. Y. L. J., May 21, 1963, p. 19, col. 1, Meyer, J., and cases cited). Furthermore, under the type complaint here employed, the presumption prevails that the contract Avas not made in Ncav York, and that the plaintiff is not doing business here (Acorn Brass Mfg. Co. v. Rutenberg, 147 App. Div. 533, 535). Therefore, compliance Avith section 210 is not in issue unless the plaintiff’s proof establishes the facts that bring the section into play, or unless the defendant by pleading the section puts himself in position to introduce such proof (Universal Pile Co. v. Lizza & Sons, supra).
The affidavit of plaintiff’s counsel that plaintiff is not doing business in Ncav York cannot be deemed controlling on this motion. Furthermore, the circumstance that the excess line broker who procures the issuance of the policy is the agent of the insured and not the company (Friedland v. Commonwealth Fire Ins. Co. of Ottumwa, supra) is not determinative of the question Avhcther plaintiff must comply Avith the General Corporation LaAv. In the absence of undisputed facts Avith respect to Avhere the contract Avas made; Avhere it issued from; hoAV premiums are collected; and Avhcther the plaintiff maintains an office here or employs agents in the State or othenvisc transacts in this forum, the issue of the plaintiff’s right to maintain this action Avithout complying with the provisions of the General Corporation Law must aAvait the trial. The complaint on its face, hoAvever, is sufficient, and the motion is denied with leave to the defendant to plead noncompliance Avith sections 210 and 218 of the General Corporation LaAv, if it he so adAÚsed.