(June 30, 1916.)

## JULIA M. RATHBUN and ERASTUS A. RATHBUN, Her Husband, Appellants, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.

### [165 Pac. 997.]

LIFE INSURANCE—CONSTRUCTION OF CONTRACT BETWEEN PARTIES.

1. Where R., desiring life insurance, applied in writing to the insurance company for such insurance, and agreed that the policy of insurance applied for should not take effect unless the first premium was paid and the policy was delivered to and received by him during his lifetime and while he was in good health, and after applying for the policy and before the delivery thereof R. was stricken with appendicitis, from which he died five days after he received the policy, said policy having been sent to him by mail from the insurance company's branch office in Spokane, Washington, in total ignorance of the changed condition of R.'s health, and R.'s friends thereafter paid the first premium, which the company promptly returned when it discovered the fact of R.'s fatal illness, *held*, that the policy did not take effect by reason of the fact that R. was not in good health at the time it was received by him.

[As to what is good health within the meaning of the law of life insurance, see note in 10 Am. St. 242.]

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action to recover on a life insurance policy. Judgment for defendant. *Affirmed.*

A. L. Morgan, for Appellants.

"Any agreement, declaration, or cause of action on the part of an insurance company which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop the company from insisting upon the forfeiture, though it might be claimed under the expressed letter

of the contract.'' (*New York Life Ins. Co. v. Eggleston,* 96 U. S. 572, 24 L. ed. 841.)

There is nothing in the contract, either in the application or in the policy itself, which required anyone to notify the New York Life Insurance Company of Rathbun's physical condition at the time such policy was ready for delivery. It was the company's right to refuse to deliver. It therefore became its duty to ascertain Rathbun's condition before exercising its option. (*Grier v. Mutual Life Ins. Co. of New York,* 132 N. C. 542, 44 S. E. 28.)

It is a thoroughly settled rule in the construction of a policy of insurance, which is reasonably susceptible of two interpretations, that that meaning will be given to it which is more favorable to the insured. (*Moore v. Aetna Life Ins. Co.,* 75 Or. 47, Ann. Cas. 1917B, 1005, 146 Pac. 151, L. R. A. 1915D, 264; *Hoffman v. Aetna Ins. Co.,* 32 N. Y. 405, 413, 88 Am. Dec. 337; *Darrow v. Family Fund Society,* 116 N. Y. 537, 15 Am. St. 430, 22 N. E. 1093, 6 L. R. A. 495; *American Surety Co. v. Pauly,* 170 U. S. 133, 18 Sup. Ct. 552; 42 L. ed. 977; *Sneck v. Travelers' Ins. Co.,* 88 Hun, 94, 34 N. Y. Supp. 545; *Union Accident Co. v. Willis,* 44 Okl. 578, 145 Pac. 812, L. R. A. 1915D, 358.)

An insurance company cannot take an applicant's money by way of premium without giving in return insurance for all of the period covered by that premium. (*Anderson v. Mutual Life Ins. Co.,* 164 Cal. 712, Ann. Cas. 1914B, 903, 130 Pac. 726; *Gordon v. United States Casualty Co.* (Tenn. Ch.), 54 S. W. 98; *Unterharnscheidt v. Missouri State Life Ins. Co.,* 160 Iowa, 223, 138 N. W. 459, 45 L. R. A., N. S., 743.)

Clency St. Clair, J. H. Forney and Frank L. Moore, for Respondent.

The negotiations between parties making a life insurance contract are the same in the eye of the law as are the negotiations between parties making a contract for any other purpose. (*Stephens v. Capital Ins. Co.,* 87 Iowa, 283, 54 N. W. 139; *Weidenaar v. New York Life Ins. Co.,* 36 Mont. 592, 122

Am. St. 330, 94 Pac. 1; *Quinlan v. Providence-Wash. Ins. Co.,* 133 N. Y. 356, 28 Am. St. 645, 31 N. E. 31; *Conway v. Phoenix Mut. Life Ins. Co.,* 140 N. Y. 79, 35 N. E. 420; *Dwight v. Germania Life Ins. Co.,* 103 N. Y. 341, 57 Am. Rep. 729, 8 N. E. 654; *Liverpool & L. & G. Ins. Co. v. Kearney,* 180 U. S. 134, 21 Sup. Ct. 326, 45 L. ed. 460; *Wells Fargo & Co. v. Pacific Ins. Co.,* 44 Cal. 397.)

The merits of the case, therefore, must be determined according to the established rules of the law of contracts. (*Iowa Life Ins. Co. v. Lewis,* 187 U. S. 335, 23 Sup. Ct. 126, 47 L. ed. 204; *Behling v. Northwestern Nat. Life Ins. Co.,* 117 Wis. 24, 93 N. W. 800.)

No insurance took effect because the first premium was not paid nor the policy delivered to and received by the applicant during his lifetime and good health. (*Nyman v. Manufacturers' & M. Life Assn.,* 262 Ill. 300, 104 N. E. 653; *Gallop v. Royal Neighbors of America,* 167 Mo. App. 85, 150 S. W. 1118; *Reese v. Fidelity Mut. Life Assn.,* 111 Ga. 482, 36 S. E. 637; *Metropolitan Life Ins. Co. v. Willis,* 37 Ind. App. 48, 76 N. E. 560.)

SULLIVAN, C. J.—This is an action brought by the mother and father to recover on a life insurance policy issued to their son, Ernest C. Rathbun. A demurrer to the complaint was overruled and answer filed by the Insurance Company denying its liability. Thereupon the issues were tried to the court without a jury and judgment was entered against the plaintiffs, from which this appeal was taken.

The action of the court in overruling plaintiffs' demurrer to the defendant's answer and in overruling plaintiffs' objection to the introduction of any testimony under the allegations of the answer, and in making findings of fact and conclusions of law and entering judgment in favor of the defendant, is assigned as error.

The following facts appear from the record:

On the 9th day of April, 1913, Ernest C. Rathbun, son of the plaintiffs, made application to the defendant, New York Life Insurance Company, for a $2,000 insurance policy upon

his life, in which policy the plaintiff Julia M. Rathbun was made the beneficiary. Thereafter on April 17, 1913, the Insurance Company issued the policy and the policy recites that the insurance is granted in consideration of the payment of the first premium amounting to $41.68, and the policy contains an acknowledgment of the receipt of such payment. The policy also contains the following, among other, recitations: "After its delivery to and receipt by the insured, the policy takes effect as of the 9th day of April, 1913, that being the date upon which the application for such policy was made."

It is alleged in the complaint that subsequent to the execution of said contract and prior to the 10th day of May, 1913, the policy was delivered to said insured and that during the month of June, 1913, the beneficiary made due proof of the death of Ernest C. Rathbun in accordance with the terms of said policy, and demanded from said insurance company the payment of the sum of $2,000 as provided in such policy, which payment said company refused, one of the grounds for such refusal being, as appears from the answer, that said policy was issued by the company upon application and that the applicant paid at the date of application $5 in cash and executed and delivered to the agent who took said application his promissory note for the balance of the amount due for the first premium, and that the policy was forwarded by registered mail addressed to the insured from the company's branch office in Spokane, Washington, and the same was receipted for by one C. L. Williamson, and on the 5th day of May was by said Williamson delivered to Ernest C. Rathbun. On the 28th day of April, 1913, the applicant became ill with appendicitis and died on the 10th day of May, 1913. It is further alleged that the application for said policy contains, among other things, the following stipulation or agreement:

"That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime and good health, and that unless otherwise agreed in writing, the policy shall

then relate back to and take effect as of the date of this application.

"That any payment made by me before delivery of the policy to, and its receipt by, me as aforesaid shall be binding on the Company only in accordance with the terms of the Company's receipt therefor on the receipt form which is attached to this application and contains the terms of the agreement under which said payment has been made and is the only receipt the agent is authorized to give for such payment."

As stated above, on the trial of the case judgment was entered in favor of the respondent insurance company.

In its answer and on the trial of the case, the main contentions of the insurance company were, first, that under the terms of the contract the first premium was to be paid in cash; and, second, the policy was not to take effect unless the insured was in good health at the time it was delivered to him. Said contentions are partly based upon the stipulations above quoted from the application for said insurance.

The court in its findings of fact among other things found as follows:

"The court further finds that Ernest C. Rathbun, the plaintiffs' son, applied in writing for insurance on his life, agreeing therein that the insurance thereby applied for should not take effect unless the first premium was paid and the policy was delivered to and received by him during his lifetime and good health. After applying for the policy and before its delivery, the applicant was taken with appendicitis, from which he died. While he was in the hospital, the soliciting agent at Spokane, in total ignorance of the changed condition of the applicant's health, mailed him the policy. The applicant's friends thereafter paid the first premium, which the company promptly returned when it discovered the facts."

The evidence is clearly sufficient to sustain this finding of fact.

Then if the parties understood and agreed that the policy should not become effective unless the first premium was paid and the policy was delivered to and received by the ap-

plicant during his lifetime and while he was in good health, and both of those conditions failed, the contract of insurance was never completed and the policy was of no force and effect. It is a well-recognized rule that life insurance results from contract and that the true rule is that no other or different rule is to be applied to a contract of insurance than is applied to other contracts. (*Quinlan v. Providence-Washington Ins. Co.*, 133 N. Y. 356, 28 Am. St. 645, 31 N. E. 31.)   In life insurance contracts, the assent of both parties is required as in any other contract. (*Stephens v. Capital Ins. Co.*, 87 Iowa, 283, 54 N. W. 136; *Weidenaar v. New York Life Ins. Co.*, 36 Mont. 592, 122 Am. St. 330, 94 Pac. 1.)

In the determination of this case, the application and the policy itself must be examined and considered in order to ascertain the true situation of the parties under the negotiations and agreements between them. (*Iowa Life Ins. Co. v. Lewis*, 187 U. S. 335, 23 Sup. Ct. 126, 47 L. ed. 204; *Behling v. Northwestern Nat. Life Ins. Co.*, 117 Wis. 24, 93 N. W. 800.)

If we concede in this case that the first premium was paid by the payment of the five dollars and the delivery of the insured's promissory note to the agent of the company for the balance, the plaintiffs would not be entitled to recover, for the reason that the policy was not delivered to and received by the applicant while he was in good health but when he was fatally ill. He became ill with appendicitis on the 28th of April, 1913, was operated on that day and thereafter died on the 10th day of May, 1913, five days after receiving the policy.

Upon a proper construction of the contract between the applicant and the insurance company and on the evidence introduced on the trial, the plaintiffs are not entitled to recover. The judgment must therefore be affirmed, and it is so ordered, with costs in favor of respondent.

Budge, J., concurs.

Morgan, J., did not sit at the hearing and did not take any part in the decision of this case.

(June 26, 1917.)

ON REHEARING.

FLYNN, District Judge.—A rehearing having been granted, this case was submitted on briefs.

We concur in the conclusion reached by the court in its original opinion, that the policy in question never took effect, because it was not delivered to and received by the applicant while he was in good health. The policy provides that "the policy and the application therefor constitutes the entire contract between the parties"; and under the terms of the application, it was made a condition precedent to the policy's taking effect that the insured should be in good health when the policy was delivered and received. (14 R. C. L. 900, sec. 78.)

We are not in accord, however, with the intimation that the first premium was not paid, though we are probably precluded from holding otherwise, because of the fact that the trial court found that the giving and acceptance of a note for the balance of the first year's premium, after paying five dollars cash thereon, was a personal matter between the applicant for insurance and the agent, and that defendant had no rights thereunder or interest therein. The evidence not being before this court, it will be presumed that it supports this finding. (*McCornick v. Brown*, 22 Ida. 52, 125 Pac. 197.)

The former judgment of this court is therefore reaffirmed.

Budge, C. J., and Rice, J., concur.