## No. 11,638.

DeFord, Administrator v. New York Life Insurance Co.

Decided May 16, 1927.  Rehearing denied June 6, 1927.

Action against an insurance company for negligent delay in delivering a policy.  Judgment for defendant.

### Affirmed.

1.  Insurance—*Delivery of Policy.* It is the duty of an insurance company to act with reasonable promptness in delivering a policy to the insured.

2.  *Delivery of Policy.* Where application for life insurance was obtained by the company's agent December 11th at Greeley, Colorado, and the policy mailed from the company's New York office December 23rd, there was no undue delay in delivering the policy.

3.  *Delivery of Policy.* Under a clause in an application for life insurance providing that the insurance should not take effect until the policy was received by the applicant in good health, it was not effective until actual delivery to him.  Placing the policy in the mail addressed to some one else did not constitute delivery.

*Error to the District Court of Weld County, Hon. Claude C. Coffin, Judge.*

Mr. William R. Kelly, Mr. Worth Allen, for plaintiff in error.

Mr. HENRY McALLISTER, Mr. STEPHEN R. CURTIS, Mr. LOUIS H. COOKE, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

DeFORD, administrator of the estate of L. D. Hale DeFord, brought suit against the insurance company, defendant in error, for negligent delay in delivering a policy whereby the insured died before it was delivered and it never became operative.

A demurrer to the complaint was sustained and there was a judgment for defendant, which was reversed (*De-Ford v. New York Life Insurance Co.,* 75 Colo. 146, 224 Pac. 1049) on the ground that, under the allegations of the complaint, the question whether the delay was unreasonable was for the jury. The case has now been tried, a verdict and judgment rendered for the defendant and the case is brought here for review.

The facts are that the company's agent obtained the deceased's application at Greeley, shortly after midnight, December 11, 1918. It contained the following: "I agree as follows: 1. That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime and good health, and that unless otherwise agreed in writing, the policy shall then relate back to and take effect as of the date of this application."

Soon, probably December 11th, p. m., the applicant went to the company's physician at Greeley, and was examined. There was a delay of a day or two in sending the application to the general agency in Denver. It does not appear when the application was received at the Denver office, but probably on Saturday the 14th, too late for transmission to New York on that day, a half holiday. It left the Denver office for New York, the

home office, on Monday the 16th. It was received at the latter office on Friday, December 20th, and was accepted on that day. On Saturday the 21st, the policy was written up. Saturday there is a half holiday from 1 p. m. On Monday the 23rd it was sent to the defendant's mailing department for mail in regular course to the Denver office and was so mailed at about that time.

The applicant became fatally ill on the 22nd and died on the 26th of December, before the policy was received at Denver and it was returned to the home office.

The duty of defendant was to act with reasonable promptness. *DeFord v. N. Y. Life Ins. Co., supra.*

The defendant in error claims that the court should have instructed the jury to return a verdict for defendant, and we think the claim is valid, because, since the deceased fell sick on the 22nd, a Sunday, the policy must have reached Greeley and been delivered on Saturday, the 21st, in order to comply with the above quoted clause in the application. Now the afternoon of the 11th is the earliest possible time the application could have been put in the mail at Greeley. How can it be claimed that it could be negligent to fail to have the policy there on the 21st in time for delivery on that day? Ten days: Greeley to Denver—Denver to New York—consideration, in its due order, of the application at New York—drawing, in its turn, of the policy—then New York to Denver—Denver to Greeley. Eight of these ten days must, under the evidence, be allowed for mail between Denver and New York. Delays after the 21st are irrelevant. There was no possibility of a verdict of undue delay.

But plaintiff in error claims that mailing the policy in New York constitutes delivery and that if due diligence had been used that would have been done before the 22nd. It is manifest, however, that the application requires actual delivery. The policy could not be "received by" the applicant while it was in the mail addressed to some one else. If any case holds that it could

we do not agree with it.  *N. Y. Life Ins. Co. v. Pike,* 51 Colo. 238, 117 Pac. 899, has nothing of that kind in it.  See *Bradley v. N. Y. Life Ins. Co.,* 275 Fed. 657.

It follows from what we have said that the instruction that actual delivery was necessary was right, and that, in consequence thereof, a verdict for defendant should have been directed; therefore it is not necessary to mention any other matters in the briefs, and the judgment must be affirmed.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE SHEAFOR and MR. JUSTICE WHITFORD concur.