## No. 11,716.

### United American Insurance Company of Pennsylvania *v.* Union Fire Insurance Company of Paris, France.

Decided June 13, 1927.

Action on contract to reinsure. Judgment of dismissal.

### *Affirmed.*

1. Insurance—*Contract.* Contract to reinsure by foreign company without approval of risk by resident agent under C. L. § 2535, held unenforceable.

2. Contract—*Insurance.* Executory agreement to reinsure held within the category "contract of insurance" as that phrase is used in C. L. § 2535.

3. Pleading—*Damages.* In an action for damages for failure to reinsure under an oral agreement, complaint held insufficient because it failed to state negligence or lack of due diligence or damages by reason of neglect.

4. Insurance—*Invalid Contract—Damages.* In an action for damages for failure to reinsure, it is held, there being no valid contract to insure, delay in insuring would violate no right of plaintiff.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. S. M. True, for plaintiff in error.

Mr. Sylvester G. Williams, for defendant in error.

*Department One.*

Mr. Justice Denison delivered the opinion of the court.

THE plaintiff in error sued the defendant in error and alleged an oral agreement by the latter to reinsure $2,000 of a $5,000 policy written by the former, and stated in the complaint that within two days after said agreement and before the reinsurance was written a loss occurred and that defendant refused to pay or write the reinsurance. The defendant in error is a foreign company. The district court sustained a demurrer to the complaint, and, when the plaintiff stood by the complaint, dismissed the cause. The judgment was right.

1. The statute, C. L. § 2535, is as follows: "No foreign fire or casualty insurance company doing business in this state shall make, write, place or cause to be made, written or placed any policy, duplicate policy or contract of insurance of any kind or character or any general or floating policy, upon persons or property resident, situated or located in this state; except after the said risk has been approved in writing, by an agent who is a resident of this state, regularly commissioned and licensed to transact insurance business herein, who shall countersign all policies so issued and receive the full commission thereon when the premium is paid."

The complaint alleges no such approval consequently no valid insurance was made.

2. The plaintiff in error claims, however, that this was an executory agreement to insure, not an insurance, and consequently is not within the category "contract of insurance" in the above statute. We cannot assent to this proposition. The language of the statute indicates an intention on the part of the legislature emphatically to forbid, except upon the required approval, any contract amounting to insurance, in substance whether technically a policy or not, yet the complaint seeks the same result as if there were a policy.

Plaintiff in error cites: *Commercial Mutual Insurance Company v. Union Mutual Insurance Company of New York,* 19 Howard, 318, 15 L. Ed. 636; *Franklin Fire Insurance Company v. Colt,* 20 Wall. 560, 22 L. Ed. 423;

*Franklin Fire Insurance Company v. Taylor,* 52 Miss. 441; *Security Insurance Company v. Kentucky Marine & Fire Insurance Company,* 7 Bush. 81, 3 Am. Rep. 301; *City of Davenport v. Peoria Marine and Fire Ins. Co.,* 17 Iowa 276.

These are all cases either where there was no requirement for a writing or where the only requirement was in the company's charter, which might be construed as merely directory because methods other than writing were not prohibited, and in none of them was a preliminary approval required; the present case, however, is governed by the above quoted section which expressly prohibits any sort of contract of insurance except *after* an approval in writing. This is not the same as merely saying that policies must be in writing, and under it no agreement to insure can be valid without such approval.

In the reply brief plaintiff in error takes the ground that the action is one for damages for neglect to issue the policy, but the complaint is insufficient for that purpose for many reasons the chief of which is it fails to state negligence or lack of due diligence or damages by reason of defendant's neglect. In this connection see *DeFord v. N. Y. Life Ins. Co.,* 75 Colo. 146, 224 Pac. 1049; s. c., 81 Colo. 518, 256 Pac. 317. And, again, since there was no valid contract to insure, delay in insuring would violate no right of the plaintiff.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.