(No. 5054. April 1, 1929.)

LULU RAVENSCROFT, Appellant, v. KANSAS CITY LIFE INSURANCE COMPANY, a Corporation, Respondent.

[276 Pac. 303.]

Bothwell & Chapman, for Appellant.

Walters, Parry & Thoman, for Respondent.

VARIAN, J.—On March 12, 1918, appellant's son, Fred Lation Ravenscroft, signed an application for a $2,000 life insurance policy, and delivered it to one B. M. Atkinson, a soliciting agent for respondent, and passed the medical examination required by respondent's rules. The application was mailed to respondent's head office at Kansas City, where it was received on March 23, 1918. A policy was issued on said application, dated March 26, 1918, delivered to the State Insurance Department of the state of Missouri for registration, where it was registered on March 28, 1918, and was thereafter mailed to respondent's general agent at Salt Lake City, Utah.

The applicant was fatally injured in an automobile accident on the night of March 30, 1918, and died in the early hours of the following day. On Sunday, March 31st, the local agent of respondent at Twin Falls, one C. T. Bunce, telephoned respondent's agent, W. G. Hunter, at Salt Lake City, to know if the policy had been received by him, and advised said agent of the death of the applicant. The policy arrived at Twin Falls on Tuesday, April 2, 1918, in the noon mail, and was thereupon delivered by Bunce to appellant, the beneficiary named in the policy. The fact of payment of the first premium is not contested.

The application contains the following provisions:

"That it is expressly agreed to and understood upon my part that this contract is to be null and void and of no binding force whatever, unless my application is received and accepted at the home office of the Company and approved by the Medical Director and the policy of Insurance is delivered

to me or my beneficiary during my lifetime and while in good health.''

The policy contains the provisions that ''said policy and application constitute the entire contract between the parties,'' and that ''this policy shall not take effect unless the first premium hereon has been paid and this policy delivered to the applicant within thirty days from the date hereof, or unless the applicant is in good health at the time of its delivery.''

The agency contract with Hunter at Salt Lake, and with Bunce, the agent at Twin Falls, who received the policy in question, expressly states that they have no authority to make, alter, or discharge any contract of insurance issued by the company, or to make any contract affecting said company, or waive forfeiture of any policy of insurance in said company.

Appellant contends that there was a constructive delivery of the policy to the beneficiary, and that the agents of respondent waived the provision that the policy must be delivered during the lifetime of the insured by delivering it after his death.

The evidence is not clear as to where the policy was at the time deceased died,—whether in the mail, in transit between Kansas City and Salt Lake City, or lying at Hunter's office in Salt Lake City, or in the mail, in transit between Salt Lake City and Twin Falls. The undisputed fact is, that it arrived at Twin Falls at least sixty hours after the death of Ravenscroft.

This court, in construing similar stipulations in an insurance application and policy, said:

''Then if the parties understood and agreed that the policy should not become effective unless the first premium was paid and the policy was delivered to and received by the applicant during his lifetime and while he was in good health, and both of those conditions failed, the contract of insurance was never completed and the policy was of no force and effect. It is a well-recognized rule that life insurance results from contract and that the true rule is that no

other or different rule is to be applied to a contract of insurance than is applied to other contracts.'' (*Rathbun v. New York Life Ins. Co.*, 30 Ida. 34, 165 Pac. 997.)

The evidence is not sufficient to establish a constructive delivery of the policy. Cases cited by counsel for appellant on this theory are to the effect that there is no constructive delivery of a policy, mailed to an agent of the company, where there is anything left for the agent to do besides deliver the policy. (32 C. J., p. 1127, sec. 230; *Unterharnscheidt v. Missouri State Life Ins. Co.*, 160 Iowa, 223, 138 N. W. 459, 45 L. R. A., N. S., 743; *New York Life Ins. Co. v. Babcock*, 104 Ga. 67, 69 Am. St. 134, 30 S. E. 273, 42 L. R. A. 88; *New York Life Ins. Co. v. Smith*, 129 Miss. 544, 91 So. 456; *Coci v. New York Life Ins. Co.*, 155 La. 1060, 99 So. 871; *Mutual Life Ins. Co. v. Thomson*, 94 Ky. 253, 22 S. W. 87; *Jackson v. New York Life Ins. Co.* (C. C. A.), 7 Fed. (2d) 31.)

The contract under consideration required that the applicant be alive and in good health when the policy was delivered. It was for the agent at Twin Falls to determine the state of the applicant's health and to deliver the policy in accordance with its terms. The applicant was dead when the policy was received by the agent at Twin Falls, and, considering the distance between Salt Lake City and Twin Falls, it is probable that he was dead when the policy was mailed at Salt Lake City. It is not disputed that he was dead when the policy was manually delivered to appellant, and under the evidence there was no constructive delivery during the lifetime of the applicant. It therefore did not take effect.

Neither Mr. Hunter, general agent at Salt Lake City, nor Mr. Bunce, agent at Twin Falls, had any authority to waive the requirement of the policy that it be delivered during the lifetime of the applicant. We do not think the conclusion reached is contrary to the rule announced in the cases cited by appellant (*McLaurin v. Mutual Life Ins. Co.*, 115 S. C. 59, 104 S. E. 327; *Northwestern Life Assn. v. Findley*, 29 Tex. Civ. App. 494, 68 S. W. 695; *Fair v. Metropolitan*

*Life Ins. Co.*, 5 Ga. App. 708, 63 S. E. 812), where the agent, dealing with an applicant in his lifetime, waived certain provisions of the contract while acting within the scope of his authority.

Judgment affirmed.   Costs to respondent.

Budge, C. J., and Givens and Wm. E. Lee, JJ., concur.