## MID-CONTINENT LIFE INS. CO. v. TRUMBLY.

No. 24037.   March 5, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Irby & Carver, for defendant in error.

RILEY, J. The plaintiff, beneficiary named in the policies, instituted this action against the defendant, Mid-Continent Life Insurance Company, upon two policies of life insurance in the total sum of $5,000, issued by the defendant upon the life of Mary Lee Trumbly, the wife of plaintiff.

The defense was twofold:

(1) Fraud in procurement of the policies.

(2) That the insured was not in good health at the time the policies were delivered.

From a judgment in favor of plaintiff based upon a verdict of the jury, defendant appeals, and urges for reversal that error occurred in the giving of instructions Nos. 8 and 9.

Instruction No. 8 follows:

"You are instructed that the term 'good health' as used in the application for insurance in this case, means a state of health unimpaired by any malady or diseased condition of which the insured was conscious. It does not mean that the insured is physically perfect, or is not suffering from any disease or disability of which the insured was wholly unconscious. You are further instructed that a temporary indisposition which responds readily to treatment, and does not affect the general health does not render a person not in 'good health'."

Instruction No. 9 follows:

"You are instructed that the application for insurance in evidence in this case contains the provision, 'that the company shall not incur any liability upon this application until the policy has been issued by the company and the first premium actually paid to and accepted by the company, or its authorized agent, during my lifetime and good health'. In this connection, you are instructed that this clause does not mean that no contract of insurance resulted if at the time of making the application Mary Lee Trumbly suffered from an ailment of which she was not conscious, and of which she was not conscious at the time of the acceptance and delivery of the policy."

Under this assignment of error, defendant urges that the fact of good health of insured, and not the belief in it on the part of insured or the examining physician, was a condition precedent to insurance at the time of delivery of the policies.

This court in the case of Mid-Continent Life Insurance Co. v. House, 156 Okla. 285, 10 P. (2d) 718, held to the contrary, and to the effect that the good health provisions of such a contract were not violated by latent and subsequently fatal diseases possessed by, but of which, insured was not conscious at the time of making such a statement or at the time of delivery of a policy under such conditions. There was no error in these instructions.

Error is predicated upon the refusal of defendant's requested instructions Nos. 3 and 4. Requested instruction No. 4 is violative of that previously stated and relating to ailments of which the insured was not conscious. Requested instruction No. 3 is violative of the rule as to the burden of proof as stated in paragraph 3 of the syllabus in the case of Mid-Continent Life Insurance Co. v. House, supra. No error occurred in the refusal of requested instructions Nos. 3 and 4.

The final assignment of error presented in the brief is based upon the overruling of

640

the demurrer to the evidence of plaintff below. It is asserted that the burden of proof is upon the plaintiff to establish "that the policies were delivered in accordance with the terms and conditions of the policies"; that a term of the policies was "that the company shall not incur any liability upon this application until the policy has been * * * delivered to and accepted by me during my lifetime and in good health"; that "the plaintiff not only signally failed to sustain such burden of proof, but made no offer of such proof and, therefore, the court erred in overruling the demurrer to plaintiff's evidence."

The fault of this assignment of error is that "the burden of proof is upon the defendant insurance company to prove that the policy was delivered while insured was not in good health." Mid-Continent Life Insurance Co. v. House, supra.

Judgment affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.