[Civil No. 4444.   Filed March 30, 1942.]

[124 Pac. (2d) 313.]

# REPUBLIC NATIONAL LIFE INSURANCE COMPANY, a Corporation, Appellant, v. LORIN MERKLEY, Appellee.

126

Messrs. Perry, Silverthorne & Johnson, for Appellant.

Mr. Riney B. Salmon, and Mr. J. A. Riggins, Jr., for Appellee.

LOCKWOOD, C. J.—Lorin Merkley, plaintiff, brought suit against Republic National Life Insurance Company, a corporation, defendant, to recover on a life insurance policy issued by defendant on the life of Neal B. Merkley, the insured, and payable to plaintiff as his beneficiary. Judgment was rendered in favor of plaintiff, and defendant has appealed.

The question before us is admittedly one of law only, and is whether, on the facts of the case, the policy sued on ever went into effect. These facts are not seriously in dispute and may be stated as follows: On June 21, 1940, the insured, who was a son of plaintiff, made a written application to defendant for a policy of life insurance. This application contained, among other things, the following provision:

"I agree, on behalf of myself and of any person who shall have or claim any interest in any policy issued and based upon this application, as follows:

"1. That the insurance hereby applied for shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my life-time and good health, and that unless otherwise agreed in writing the policy shall then relate back to and take effect as of the date of this application."

The first quarterly premium was paid by the insured on July 1. On July 2 the policy was executed by defendant, and on July 3 was registered and approved by the department of insurance for the state of Texas, where defendant's principal office is located. On the same day the policy was placed in the mail by defendant, at Dallas, Texas, addressed to E. J. Druke, its general agent in Phoenix. Accompanying the policy was a letter which contained this language:

"The above numbered policy is enclosed herewith for delivery. Please see that policyholder's receipt is properly signed, witnessed, dated, and returned to us at the earliest possible date.

"You are instructed that no policy be delivered until settlement is taken for the initial premium. . . . "

There was no other condition imposed by the letter upon the delivery of the policy to the insured, and at this time the latter was in good health. The policy and the letter reached the office of Druke July 5, and on the same date was handed by him to one Richards, a soliciting agent for defendant, who, on the same date delivered it to plaintiff.

On July 4 the insured met his death by drowning. Proof of loss under the policy was made by plaintiff, and payment refused by defendant on the ground that the loss had occurred prior to the delivery of the policy. Thereafter defendant tendered the amount of the premium paid, with interest, to plaintiff, which was refused, and it was thereafter paid into court.

The precise question is whether, within the meaning of the law, the policy in question was "delivered to and received by" the insured before his death. It is obvious on the statement of facts above set forth that he never received personal manual delivery of the policy, for he died before its receipt in Phoenix by the agent of the company.

It is the contention of defendant that under the terms of the application it was necessary that there be a personal manual receipt of the policy by the insured during his lifetime, in order that it should go into effect.

It is the position of plaintiff that the placing of the policy in the mails in Dallas, Texas, addressed to the general agent of defendant in Phoenix, with the instructions in the letter, which we have quoted, was a delivery to and receipt by the insured.

██ There are certain general principles of law admitted by both parties to be correct. The first is that an insurance policy is a contract, and that the parties thereto may include any provisions or conditions therein which they may see fit, unless they are prohibited by statute or public policy. The second is that conditions in a policy, when ambiguous, are to be construed most strongly against the insurer.

█ The first question we consider is the meaning of the phrase ''delivered to and received by'' the insured. The construction of these words has been before the courts in several cases, and it is very generally held that they mean the same thing and do not imply actual manual delivery. *New York L. Ins. Co.* v. *Rutherford,* 9 Cir., 284 Fed. 707; *Unterharnscheidt* v. *Missouri State L. Ins. Co.,* 160 Iowa 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743; *Coci* v. *New York L. Ins. Co.,* 155 La. 1060, 99 So. 871; *Glover* v. *New York L. Ins. Co.,* 27 Ga. App. 615, 109 S. E. 546.

█ We next consider the question of constructive delivery. The two cases which come most nearly to being in point are those of *Jackson* v. *New York L. Ins. Co.,* 7 Fed. (2d) 31, decided by the Circuit Court of Appeals of the Ninth Circuit, and *Bradley* v. *New York L. Ins. Co.,* 275 Fed. 657, decided by the Circuit Court of Appeals of the Eighth Circuit. In the first case, on an almost identical set of facts with that in-

volved in the present case, the court stated the general rule as follows [7 Fed. (2d) 32]:

"The law applicable to the question here involved is fairly and we think correctly stated in 32 C. J. 1127, where it is said: 'A policy of insurance is delivered to insured when it is deposited in the mails, duly directed to insured at his proper address and with postage prepaid, even though in fact he never receives it. Likewise the policy is constructively delivered when it is mailed to an agent unconditionally and for the sole purpose of delivery to insured, even though the agent does not actually deliver the policy to the insured. But the rule is otherwise when the policy is mailed to the agent for delivery only on the performance of certain conditions.' . . . "

and then said:

"The present case is one in which prior to the death of the insured, the policy was mailed to the local agents at Tillamook for the sole purpose of delivery to the insured. The stipulation that the insurance 'shall not take effect unless the first premium is paid and the policy is delivered to and received by me during my lifetime' does not take the case out of the rule, for the first premium had been paid at the time of making the application, and during the lifetime of the applicant the policy was mailed to the local agent unconditionally for the sole purpose of delivery to the applicant. The case is distinguishable from those in which the policy was to go into effect only upon manual delivery thereof to the insured, or in which something provided for in the contract yet remained to be done by the agent as a condition precedent to delivery, such as the ascertainment that the insured was then in good health or that he accepted the policy."

and it was held that the mailing of the policy by the insurer to its general agent for unconditional delivery was a delivery to and receipt by the insured.

In the second case cited above, the evidence showed that the first premium had never been paid by the insured, a situation which did not exist in the first

case cited and the one at bar. The court said [272 Fed. 659]:

"Under the express agreement of Bradley the insurance was not to take effect unless the first premium was paid and the policy delivered to and received by him during his lifetime and good health. The evidence, about which there is no dispute, does not show, in our opinion, either the payment of the first premium or the delivery of the policy. The transaction between Bradley and the agent, Reaser, whereby a note was given for the premium, must be held to have been a private arrangement between Reaser and Bradley, concerning which the company had no knowledge, and which was in direct violation of the rules of the company and the instructions given to the agent. So far as the company is concerned, the record shows no arrangement whereby anything but cash should constitute a valid payment of the first premium. It must be conceded that there was no actual manual delivery of the policy to Bradley in his lifetime or good health, or at all. Reaser was not the agent of Bradley to receive the policy, and delivery to him was not a delivery to Bradley. [Citing cases]."

and held that the policy never went into effect. The ultimate holding was obviously correct, as the premium had never been paid. But it is contended the language of the court might also be construed to mean that delivery to the agent of the insurer, for unconditional delivery to the insured, did not comply with the condition that the policy must be "delivered to and received by" the insured. Apparently the court assumed that a condition of this kind required an actual manual delivery, and that a constructive delivery was not sufficient. On this point the case discussed does not, in our opinion, agree with the majority rule.

In practically every other case cited by defendant, while the language used at times will sustain its position as an abstract statement, the facts show that the

premium had not been paid nor the agent authorized to make an unconditional delivery of the policy.

■ This court had before it the question of when a policy is delivered in the case of *Kansas City Life Ins. Co.* v. *White,* 33 Ariz. 303, 264 Pac. 474, 476, and said:

"The law seems to be well settled that it is sufficient delivery of the policy when the application is approved and the policy issued in accordance with the plan and for the amount of the application and mailed by the insurance company to its agent for delivery to the insured. The rule is stated in *Unterharnscheidt* v. *Missouri State Life Insurance Co., supra* [160 Iowa 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743], as follows:
" 'It is quite obvious that this may or may not be true according to the circumstances under which the policy is placed in the agent's hands. If the premium is paid when the application is presented, and such application is approved and policy executed as of that date, and nothing remains but to deliver the paper to the insured, it may well be held that the sending of it to the agent to be by him given over to such insured person constitutes a sufficient delivery in law. To say the least, the neglect or omission of the agent under such circumstances to perform the manual act of placing the policy in the hands of the insured will not serve to suspend or postpone the obligation of the company upon its contract. In other words, delivery in law is not necessarily manual delivery.' "

It is true that in the White case the facts and the precise point on which the case turned differed materially from that of the present case, but the question of whether "delivery" necessarily means actual manual delivery was decided.

In *Acacia Mutual Life Assn.* v. *Berry,* 54 Ariz. 208, 94 Pac. (2d) 770, we again considered what was meant by "delivery" and approved the rule stated in the White case, *supra.*

■ We think under the decided weight of the better reasoned authorities, unless an actual manual de-

livery to the insured in person is specifically required, that by the deposit by the insurer, in the mail, of the policy, addressed to its agent, for unconditional delivery to the insured, it is, in the eyes of the law, "delivered to and received by" the insured at that time, and becomes a completed contract of insurance.

Such being the case, the judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.