## MID–CONTINENT LIFE INS. CO.
### v.
### DEES.
#### No. 34060.

Supreme Court of Oklahoma.

Jan. 19, 1954.

Rehearing Denied April 27, 1954.

Rittenhouse, Webster, Hanson & Rittenhouse, Oklahoma City, for plaintiff in error.

Earl A. Davis, Wewoka, for defendant in error.

JOHNSON, Vice Chief Justice.

The parties will be referred to herein as they appeared in the trial court.

The policy in suit is alleged to have been issued by the defendant upon the life of Dudley Lancaster, payable to Vincent Dees, business partner, if living; otherwise to estate of insured, who, it is claimed, died while the insurance so provided was still in force and effect. The defense of defendant is that there was never any sufficient delivery of the policy.

The record discloses that on February 20, 1948, insured made an application through defendant's agent, C. M. Hubbard, for a $5,500 insurance policy on his life, which is the policy in question. On March 10, 1948, insured paid defendant's agent $90.31, the first year's premium. Under the terms of the policy, the agent was authorized to accept premiums on the company's policies not in excess of $10,000, and the fact that he did accept insured's premium is unquestioned. The insured's application, together with the doctor's favorable report on insured's physical condition, was received and the company (defendant) issued its policy, effective as of March 16, 1948, in accord with the insured's application and mailed it to their agent at Seminole, Oklahoma on March 16, 1948. When the policy was issued and mailed to the agent unconditionally for delivery to insured, the insured was alive and apparently in good health. Admittedly, the insured thereafter was asphyxiated by gas fumes and was found dead on March 17, 1948, the date that the agent says the policy was delivered to him by the Seminole, Oklahoma postal authorities. No conditions, restrictions or instructions other than such as were contained in

the application and policy, accompanied the policy when received by the agent.

It was provided in the application that the company (defendant) would not become liable upon the application until the policy was issued, the first premium actually paid to the company or its authorized agent and the policy delivered to and accepted by the applicant during his lifetime and good health.

The admission that the first premium was paid and the policy issued in accord with insured's application, which constituted insured's acceptance thereof, leaves only the question of whether the policy was delivered during applicant's lifetime, which, if not so delivered, constitutes a defensive contingency, unless waived.

Defendant argues that depositing the policy in a postage prepaid envelope addressed and mailed to its·agent is not a delivery to the insured person.

This conception of what constitutes delivery may hold true in some instances, but not where the first premium has been paid, the application has been approved, the policy executed in accord therewith thereby completing the insurance contract, and nothing remains to be done but to deliver the policy to the insured. In such case, the mailing of the policy to the agent unconditionally while insured was in good health and alive, to be given by him to the insured person constitutes delivery in law, manual delivery, or further acceptance, being unnecessary.

While this is our first occasion to apply this rule, yet the rule has been applied many times in other jurisdictions. Unterharnscheidt v. Missouri State Life Ins. Co., 160 Iowa 223, 138 N.W. 459, 45 L.R.A.,N.S., 743 and cases cited therein; Acacia Mut. Life Ass'n v. Berry, 54 Ariz. 208, 94 P.2d 770; Jones v. Metropolitan Life Ins. Co., 158 Misc. 466, 286 N.Y.S. 4; Tarlton v. De Veuve, 9 Cir., 113 F.2d 290, 132 A.L.R. 343, certiorari denied, De Veuve v. Tarlton, 312 U.S. 691, 61 S.Ct. 710, 85 L.Ed. 1127; Republic Nat. Life Ins. Co. v. Merkley, 59 Ariz. 125, 124 P.2d 313; 29 Am.Jur. Insurance, Sec. 152; 44 C.J.S., Insurance, § 265(5) c.

In the Merkley case, supra, it was held that the words " 'delivered to and received by insured' " in life policy, mean the same thing and do not imply actual manual delivery; that it is sufficient delivery of a life policy when the application is approved and policy issued in accordance with the plan and for the amount of the application and mailed by the insurer to its agent for delivery to the insured, and/or that a policy is "constructively delivered" when it is mailed to an agent unconditionally and for the sole purpose of delivering to insured, even though the agent does not actually deliver the policy to the insured, and notwithstanding a stipulation that insurance should not take effect unless the policy was ."delivered to and received by insured during his lifetime."

Further array and discussion of authorities would be an unnecessary waste of time as the authorities cited sustain the rule.

The record amply sustains the verdict of the jury and judgment based thereon. The judgment is affirmed.

WELCH, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.

HALLEY, C. J., and CORN, ARNOLD and WILLIAMS, JJ., dissent.

ARNOLD, Justice (dissenting in .part but concurring in result).

The effect of the majority opinion in this case is to hold that there has been "delivery and acceptance" where a policy of insurance is placed in the possession of an agent for unconditional delivery. I do not think we should so .hold.

The application which was signed by the insured and which was attached to the policy and made a part thereof contained the following agreement:

"That the company shall not incur any liability upon this application until the policy has been issued by the company and the first premium has actually been paid to and accepted by the company, or its authorized agent and the policy has been delivered to and accepted by me during my lifetime and good health." ·   :

The policy had been mailed by the company to its agent in Seminole for physical delivery to the insured. No special instructions were given with reference to such delivery and no conditions attached. The policy had arrived at Seminole and was in the postoffice there at the time of insured's death. This is sufficient to constitute delivery of the policy to the insured, see 29 Am.Jur. 165, Sec. 148; Anno. 145 A.L.R. 1434; Republic Nat. Life Ins. Co. v. Merkley, 59 Ariz. 125, 124 P.2d 313; Prindle v. Fidelity & Casualty Co. of N. Y., Mo.App., 233 S.W. 252; Unterharnscheidt v. Missouri State Life Ins. Co., 160 Iowa 223, 138 N.W. 459; Mutual Life Ins. Co. of Baltimore v. Otto, 153 Md. 179, 138 A. 16, 53 A.L.R. 487 and Anno. 492; but inasmuch as there had been no acceptance by the insured before his death the contract of insurance would be ineffective if it were not for the fact that the insurance company is estopped to deny that the policy was in force.

Plaintiff alleged and the evidence conclusively showed that the first year's premium was paid by the insured and accepted by the insurer's agent and that no effort was made to return this premium to the proper party. Tender, if any, of the premium was made by insurer to the plaintiff beneficiary and the brother of the insured, neither of whom was the administrator of the estate of insured. Lawful tender could only be made to the administrator of insured's estate, not to plaintiff beneficiary or insured's brother. State ex rel. National Council of Knights and Ladies of Security v. Trimble, 292 Mo. 371, 239 S.W. 467. There was therefore a waiver of condition precedent on the part of the insurer as a matter of law and the insurance company is estopped from claiming that the policy was never in force because not received and accepted by the insured in his lifetime. See Pauley v. Business Men's Assur. Co. of America, 217 Mo.App. 302, 261 S.W. 340, in which the fact situation is almost identical to this case. Our court has followed this rule as to waiver of condition precedent by an insurance company by retention of the premium. See American Bankers' Ins. Co. v. Thomas, 53 Okl. 11, 12, 154 P. 44; Massachusetts Bonding & Ins. Co. v. Vance, 74 Okl. 261, 180 P. 693, 15 A.L.R. 981.

I therefore concur in result.

HALLEY, Chief Justice (dissenting).

The majority lays down a rule of law with which I find no fault. At least it is sustained by a majority of the appellate courts of this country. I find fault with the opinion because it says that nothing remained to be done but to deliver the policy to the insured when it was dropped in the mail in Oklahoma City, March 16, 1948. This is absolutely contrary to the provisions of the application which provides as follows:

"I declare on behalf of myself and of any person who shall have or claim any interest in any policy issued hereon that each of the statements and answers contained herein is full, complete and true; and agree (1) That the Company shall not incur any liability upon this application until the policy has been issued by the Company and the first premium has actually been paid to and accepted by the Company or its authorized agent and the policy *has been delivered to and accepted by me during my lifetime and good health;* * * *."

There clearly remained something to be done after this policy had been mailed to defendant's agent in Seminole. It had to be delivered to the applicant in his lifetime and accepted by him. This was not done as the applicant was dead before the policy was taken out of his mailbox in Seminole on the morning of March 17 at 7:30 a. m. In De Ford v. New York Life Ins. Co., 81 Colo. 518, 256 P. 317, it was held that when the policy must be received by the applicant while in good health, the mere mailing of the policy does not constitute delivery.

Mailing has not been recognized as delivery in those cases where conditional delivery has been provided for. In 44 C.J.S., Insurance, § 265(5) (a), page 1061, this statement is made:

"It is usual for an applicant for life insurance and the company to agree, as by an express stipulation in the application, or in both the application and the policy, or sometimes in a receipt for the first premium, that the policy or contract of insurance shall not take effect or become binding on the company, or that the company shall not incur any obligation unless and until the policy is delivered during the lifetime and good health of the applicant, during the continuance of his good health, or while the health of the applicant is in the same condition as described in the application. Such a stipulation in the application is valid, and such stipulation has been held reasonable, binding, and enforceable; * * *."

This is supported by the citation of cases from eighteen jurisdictions. In at least two cases we have approved the provision that the policy must be accepted by the applicant. The following was a paragraph of the syllabus in Mid-Continent Life Ins. Co. v. House, 156 Okl. 285, 10 P.2d 718, and Mid-Continent Life Ins. Co. v. Trumbly, 170 Okl. 639, 41 P.2d 913:

"In an application for insurance which provides that the company shall not incur any liability upon said application until the policy has been issued by the company and the first premium has actually been paid to and accepted by the company and the policy has been accepted by said insured during her life time and good health, held: That such a provision is for the benefit of the insurer to protect such company against a contingency which might arise in that interim during which the insured might become seriously ill, suffer a severe injury impairing her health, and to guard against the delivery of such policy in the event of the death of the insured."

The insurer has the right to say when its liability would start. The contract between the parties provided that the company would not be liable unless the policy was accepted by the applicant. No doubt there is a valid reason for such a provision from the insurer's standpoint. That was the basis on which the company was undertaking to insure the life of the applicant. Their liability should not be enlarged contrary to the plain provisions of the application. The company had the right to rely on previous expressions of this court on the question.

In the note in 145 A.L.R., p. 1435, this statement is made:

"There is no question but that the provision of an insurance contract that the policy shall not take effect 'until delivered,' 'actually delivered,' or 'until delivered and received' constitutes a valid clause, in the nature of a condition precedent to the taking effect of the policy. See for instance; Person v. Ætna L. Ins. Co. (8 Cir., 1929) 32 F.2d 459; Jensen v. New York Life Ins. Co. (8 Cir., 1932) 59 F.2d 957 (writ of certiorari denied in (1932) 287 U.S. 626, 53 S.Ct. 80, 77 L.Ed. 543); Braman v. Mutual Life Ins. Co. (8 Cir., 1934) 73 F.2d 391; Rosenthal v. New York Life Ins. Co. (8 Cir., 1938) 94 F.2d 675 (reversed on other grounds in (1938) 304 U.S. 263, 58 S.Ct. 874, 82 L.Ed. 1330)."

The majority opinion relies primarily on Unterharnscheidt v. Missouri State Life Ins. Co., 160 Iowa 223, 138 N.W. 459, 45 L.R.A.,N.S., 743, and two cases from Arizona, Acacia Mutual Life Ass'n v. Berry, 54 Ariz. 208, 94 P.2d 770, and Republic Nat. Life Ins. Co. v. Merkley, 59 Ariz. 125, 124 P.2d 313. In the Unterharnscheidt case there were facts which distinguish it from the case at bar in that in that case, the policy was mailed on July 10th from St. Louis, Missouri, to the agent, Kinzer, in Sioux City, Iowa. Kinzer left town on July 15 and left no one in charge of his business and did not return till August 7. In the meantime the applicant had taken sick on July 23 and died on August 2nd from an ailment which he had not previously had. In the regular course of events this policy would have been delivered to the applicant before he took sick. The syllabus of the opinion says the defendant was "estopped to ques-

tion the health of the applicant at the time of the issuance of the delivery of the policy." In the case at bar there can be no estoppel as the policy was not received by the agent until after the death of the applicant and no fault can attach either to the agent or the defendant for any delay.

The Supreme Court of Iowa did not discuss the provision in the application "That the insurance hereby applied for shall not take effect unless the premium is paid and the policy delivered to and accepted by me during my lifetime and good health." The Court was undoubtedly moved by the fact the agent had been so dilatory about delivering the policy.

Of the two Arizona cases cited by plaintiff only Republic Nat. Life Ins. Co. v. Merkley, supra, is helpful. It held that the words " 'delivered to and received by insured' " mean the same thing and do not imply actual manual delivery. In my opinion those words are not as strong as "delivered to and accepted by me during my lifetime and good health." Certainly this last phrase contemplates that the applicant see the policy after it came from the insurer. How could a thing be delivered and accepted without the recipient actually receiving and accepting. The only other cases that I find supporting plaintiff's theory are some Alabama cases but the overwhelming weight of authority in the United States where the phrase "delivered and accepted by me in my lifetime" necessitates actual receiving of the policy or direct information of its contents.

In Ravenscroft v. Kansas City Life Ins. Co., 47 Idaho 425, 276 P. 303, it was held that there could be no constructive delivery of a policy if there is anything for the agent to do other than deliver the policy. In the case at bar there was something to be done by the agent, that is to deliver the policy to the applicant in his lifetime and good health. Also, the applicant was to accept the policy. It could have been possible that the applicant did not want to accept the policy.

I think it would be better for us to follow the Kansas case of Klein v. Farmers' & Bankers' Life Ins. Co., 132 Kan. 748, 297 P. 730, where it was held that when an applicant agreed in the application for insurance that no liability should attach to the company until the policy was delivered to and received by him while in good health and, although he was passed as insurable by the medical examiner of the insurance company, the delivery of the policy, which had been sent to the local agent of the company, was refused by the latter because the applicant was then suffering from a disease, which caused his death seven months later. The court, refuting the contention that there had been a constructive delivery of the policy of insurance, declared that the contract should not be deemed to be complete until the delivery of the policy and that this condition had never been complied with.

I think that the case of Pruitt v. Great Southern Life Ins. Co., 202 La. 527, 12 So.2d 261, 262, 145 A.L.R. 1427, is practically on all fours with the case at bar and should be followed by us. There the application provided that the insurance shall not take effect unless a written or printed policy " 'shall have been actually delivered to and accepted by [applicant] while * * * in good health' " and the condition was not satisfied and consequently the risk did not attach where the application was received at the home office December 16, and in due course of business a policy was issued and mailed to the soliciting agent for delivery and received by him December 30, but he did not go to the home of the applicant to make delivery until January 4, and then learning that the applicant had died on January 1, retained the policy and returned it to the company. Recovery was denied the beneficiary under the policy in that case. It cites with approval American Home Life Ins. Co. v. Melton, Tex. Civ.App., 144 S.W. 362, where the same form of application was construed.

To allow a recovery in this case would necessitate a disregard of plain words and in effect would be making a new and different contract for the parties.

I dissent.